451 So.2d 1002 (1984)
WOODHOLLY ASSOCIATES, Appellant,
v.
DEPARTMENT OF NATURAL RESOURCES and City of Hollywood, Florida, Appellees.
No. AX-393.
District Court of Appeal of Florida, First District.
June 15, 1984.
Donald J. Doody of Josias & Goren, Fort Lauderdale, for appellant.
*1003 Andrew DeGraffenreidt, III, City Atty. and Leonard Lubart, Deputy City Atty., Hollywood, for appellees.
SMITH, Judge.
Woodholly Associates, Inc. (Woodholly) petitioned for and received a formal administrative hearing for the purpose of contesting the City of Hollywood's (City) application for a permit under Chapter 161, Florida Statutes, for construction of certain improvements seaward of the coastal construction control or setback line. The hearing officer, after a two-day hearing, entered a recommended order that the permit be granted, and the Governor and Cabinet, sitting as the agency head for the Department of Natural Resources, approved the recommended order. We affirm.
The proposed project (Dunewalk Phase I) called for certain improvements to be constructed seaward of the coastal construction control line or setback line, on property of the City, consisting of an extension of existing Surf Road, an extension of an existing asphalt broadwalk, construction of a parking area with landscaped island, swales and associated lighting. Phase II, which has already been permitted by the Department and is not involved in this proceeding, calls for the construction of sand dunes between the parking area and the Atlantic Ocean. Woodholly is the builder and developer of a condominium development known as Summit Condominium, which is located directly landward, adjacent and contiguous to the site of the proposed development. Woodholly's petition for hearing essentially set forth its concerns that the City's proposed construction and the project itself would jeopardize the stability of the existing beach dune system, that it would accelerate erosion, provide inadequate protection to the upland structures, and would endanger the adjacent property on which Summit Condominium is located. All of the extensive testimony and evidence presented at the hearing, some of it conflicting, was addressed to these concerns specifically raised by the petition and included in the outline of issues contained in the pretrial stipulation filed by the parties. The hearing officer's resolution of these factual issues adverse to Woodholly is not the subject of this appeal.
The sole issue presented by Woodholly is whether the City carried its burden of proving the necessity or justification for the development in accordance with Rule 16B-33.05(1), Florida Administrative Code, which provides:
(1) A coastal construction control line (Section 161.053) is intended to define that portion of the beach and dune system which is subject to severe fluctuations based on a one-hundred-year storm surge or other predictable weather conditions. The control and setback lines call attention to the special hazards and impact associated with the use of such property. Establishment of a coastal construction control line or the 50-foot setback requirement (Section 161.052) does not preclude all development of or alteration of coastal property seaward of such lines. However, activities seaward of a coastal construction control line or 50-foot setback shall be limited and the necessity of such development, construction or alteration shall be stated and clearly justified by the applicant.
We find from examination of the record that the City's application complied with the requirement of this rule by stating:
Permit approval is requested at this time for DUNEWALK  PHASE ONE only. The project, when completed in its entirety, will provide public access to Hollywood's Beachfront and handicap access via a dune crossover structure designed for that purpose. It will provide uninterrupted travel along Surf Road, and extend pedestrian access southward by extending the existing asphalt broadwalk. It will reconstruct, revitalize, and create an aesthetically pleasing beach area.
The hearing officer's specific finding that the City's application was "complete" is correct.
Nevertheless, Woodholly contends that it was incumbent upon the City to present evidence at the hearing to show *1004 necessity and justification for the project beyond the mere formality of introducing the application itself into evidence. On the state of the record before us, we find that this contention has no merit. Woodholly's petition for a formal hearing does not challenge the completeness of the City's application, nor does it contest the adequacy of the City's explanation of necessity and justification for the project, either as a matter of fact or as a matter of law. Neither does the prehearing stipulation filed by the parties set forth any issue to be heard and determined with respect to the necessity or justification for the project.
As pointed out by this court in Florida Department of Transportation v. J.W.C., Inc., 396 So.2d 778 (Fla. 1st DCA 1981), although the applicant for a permit has the burden of proof in hearings where the application is contested, the petitioner challenging the issuance of the permit "must identify the areas of controversy and allege a factual basis for the contention that the facts relied upon by the applicant fall short of carrying the ... burden cast upon the applicant." Id. at 789. Thus, Woodholly simply failed to make an issue, for resolution by the hearing officer, of the matter of which it now complains.
Further, at the hearing, the City submitted as evidence its application and supporting documentation, including the Department's certification of completeness, without objection by Woodholly. In addition, the Department's witness, Ralph Clark, Bureau Chief of the Bureau of Coastal Engineering and Regulation, Division of Beaches and Shores, was asked on cross-examination whether the application was complete, to which he responded: "Yes sir, I do believe in my opinion the application is complete." No further reference was made to the completeness or incompleteness of the application. It is apparent that the City satisfied the requirements of a "prima facie case," as discussed in J.W.C. Company, Inc., 396 So.2d at 788, 789. Woodholly's brief contains no record reference to any evidence presented during the two-day hearing in opposition to the City's claim of necessity and justification, nor does it point to any portion of the record raising the issue during the hearing. We have not overlooked Woodholly's proposed order which was submitted to the hearing officer after the hearing. This proposed order did refer to an absence of proof of necessity or justification, and contained a proposed finding that necessity or justification had not been shown by the City. However, it was too late for Woodholly by this means to inject into the proceeding a new issue which was not raised in the pleadings or the pretrial stipulation of issues to be tried, and as to which Woodholly presented no evidence to contradict the prima facie showing made by the City. Woodholly has not urged in this proceeding, nor would we agree if it did, that the inadequacy of the City's stated necessity or justification for the project is determinable on this record simply as a matter of law.
For the above reasons, the order appealed from must be and is hereby, AFFIRMED.
JOANOS and ZEHMER, JJ., concur.