WENTWORTH, Judge.
Appellant seeks review of administrative action by which the Department of Professional Regulation (DPR) determined that appellant waived entitlement to Chapter 120 proceedings. DPR’s determination of waiver was predicated upon appellant’s failure to timely file a formal written protest challenging a contract bidding decision. We affirm the administrative action appealed.
A bid tabulation with an initial posting date of August 29, 1985, indicated that one of appellant’s competitors had submitted the lowest bid to DPR for certain equip *1231 ment in the contract bidding process. Appellant was also a listed bidder, and promptly filed a notice of protest. Although this notice stated that appellant would file a formal written protest within ten days, such formal protest was not then filed and appellant was advised by an October 2, 1985 letter of DPR’s intent to award the bid to appellant’s competitor. Further written communications occurred between appellant and DPR, and appellant then filed a new notice of protest. By letter DPR advised appellant that entitlement to Chapter 120 proceedings had been waived by the failure to file a formal written protest after appellant filed the initial notice. Appellant then submitted a formal written protest within ten days after filing the second notice, petitioning for Chapter 120 proceedings by a document which included an assertion that a formal protest had not been earlier filed “based on the oral representation of DPR personnel, that DPR had not yet reached a decision as to the award of the contract....” DPR replied with a letter which reiterated its determination of waiver.
Section 120.53(5), Florida Statutes, addresses agency procedures for the resolution of protests arising from the contract bidding process. The statute provides that notice of intended agency decisions, other than bid solicitations, may be given by posting the bid tabulation at the location where the bids were opened. Section 120.53(5)(b) provides that:
Any person who is affected adversely by the agency decision or intended decision shall file with the agency a notice of protest in writing within 72 hours after the posting of the bid tabulation or after receipt of the notice of the agency decision or intended decision and shall file a formal written protest within 10 days after the date he filed the notice of protest. Failure to file a notice of protest or failure to file a formal written protest shall constitute a waiver of proceedings under Chapter 120....
Appellant contends that the October 2, 1985 letter from DPR was the first notice of an intended decision,[1] arguing that its protest was thereafter timely filed.[2] However, appellant had earlier initiated the protest procedure by filing a notice of protest upon posting of the bid tabulation. Section 120.53(5)(b) requires that a formal written protest then be submitted within ten days; appellant did not comply with this requirement, and section 120.53(5)(b) clearly provides that such failure constitutes a waiver of proceedings under Chapter 120.
Appellant also suggests that its failure to follow the initial notice of protest with a timely formal protest resulted from oral communications with DPR personnel. However, as required by section 120.-53(5)(a), the posted bid tabulation explicitly advised that a failure to comply with the statutory time requirements for protests would constitute a waiver of Chapter 120 proceedings. As in Dickerson, Inc. v. Rose, 398 So.2d 922 (Fla. 1st DCA 1981), we find the informal and imprecise oral communications which appellant has alleged to be insufficient in form and substance to overcome the effect of the prior formal notice as to the necessity of a timely protest. We therefore conclude that the alleged oral communications do not negate appellant’s waiver of Chapter 120 proceedings.
The administrative action appealed is affirmed.
MILLS and NIMMONS, JJ., concur.

. Appellant’s argument that the low bid should have been circled when the bid tabulation was posted, so as to afford clear notice of an intended decision, is unavailing since section 120.-53(5)(b) does not require an affected party to await formal notice; the statute permits protests merely upon posting of the bid tabulation.

. Unlike Ajax Construction Inc. v. State of Florida Department of Corrections, 413 So.2d 779 (Fla. 1st DCA 1982), the present case does not involve a technically premature but completed and otherwise timely formal protest which may be deemed to mature upon notice of effective agency action.