623 So.2d 533 (1993)
ROYAL PALM SQUARE ASSOCIATION, Appellant,
v.
SEVCO LAND CORPORATION AND South Florida Water Management District, Appellees.
No. 92-02101.
District Court of Appeal of Florida, Second District.
July 9, 1993.
Rehearing Denied September 1, 1993.
*534 Michael J. Keane, Baynard, Harrell, Mascara, Ostow & Ulrich, P.A., St. Petersburg, for appellant.
Stephen A. Walker, Kevin S. Hennessy and Elizabeth G. Lowrey, Messer, Vickers, Caparello, Madsen, Lewis, Goldman & Metz, P.A., West Palm Beach, for appellee Sevco Land Corp.
John J. Fumero, Office of Counsel of South Florida Water Management Dist., Hollywood, for appellee South Florida Water Management Dist.
FRANK, Chief Judge.
Royal Palm Square Associates (Royal Palm) seeks review of the South Florida Water Management District's (District) final agency action dismissing with prejudice its first amended petition requesting an administrative hearing contemplated by section 120.57, Florida Statutes (1989). Based upon our analysis of this proceeding, we reverse and vacate the District's order.
Royal Palm owns and operates a shopping center located on a parcel of subdivided commercial property purchased in 1984 from the Gilvesy Investment Corporation. Gilvesy had not only developed the shopping center property but also had created and managed, pursuant to a permit procured from the District, an off-site surface water system known as "Lake Tract A." The system was constructed to facilitate stormwater run-off from the upland area. Royal Palm's purchase from Gilvesy included a nonexclusive easement to discharge surface waters into Lake Tract A. In 1991, Sevco Land Corporation (Sevco) contracted to purchase an undeveloped site contiguous to Royal Palm's parcel. Sevco applied to the District for modification of the Gilvesy permit in order that it, too, could connect to Lake Tract A. On April 1, 1991, the District staff completed a preliminary review of the Sevco application and expressed the following concerns to Sevco in a letter:
The Basis of Review ... states that the owner of the permitted project (Gilvesy Investment Corporation) is not normally an acceptable entity if the property is to be sold to various third parties[,] but would be acceptable if the project site is wholly owned by the Permitee and is intended to be so retained. Under what circumstances the Gilvesy Investment Corporation was deemed an acceptable entity is not an issue. However, since [your] 10.24 acre parcel is now held under separate ownership ... it is preferable that an association be formed for the entire project (34.4 acres). There is no record that any "association" exists and it appears that there are at least two different owners of portions of the originally permitted 34.4 acres and Gilvesy Investment Corporation may no longer be an active entity. Please indicate your intent concerning forming an association.
Sevco responded to the District's letter with a "Final Operation and Maintenance Agreement" (FOMA) which purported to bind Royal Palm's participation in the joint operation of Lake Tract A. Royal Palm, however, had not agreed to FOMA. Nevertheless, believing that Sevco had reached an accord with Royal Palm, the District approved the permit modification subject to the following condition:
No construction authorized herein shall commence until a responsible entity acceptable to the District has been established and has agreed to operate and maintain the system. The entity must be provided *535 with sufficient ownership so that it has control over all water management facilities authorized herein. Upon receipt of written evidence of the satisfaction of this condition, the District will issue an authorization to commence construction.
See Rule 40E-4.381(2)(h), Fla. Admin. Code. Royal Palm filed an amended petition with the District challenging the modification and requesting a formal administrative hearing within the meaning of section 120.57, Florida Statutes (1991). Sevco, Royal Palm alleged, could not have complied with the District's demands because it did not have any ownership rights in Lake Tract A and had not achieved an association with Royal Palm for joint maintenance of the system. Following an informal hearing, the District's governing board rejected Royal Palm's petition's first allegation on the basis that it asserted a private property dispute beyond the District's jurisdiction; concerned, however, that Sevco had yet to form a responsible entity to maintain the system, the District granted the amended petition. A formal administrative hearing, however, was never conducted because before the petition was assigned to a hearing officer, Sevco agreed to assume sole and comprehensive responsibility for the operation and maintenance of Lake Tract A. Thus, the District reversed its initial decision and dismissed Royal Palm's amended petition with prejudice, concluding that Sevco's offer "rendered the allegations contained in Royal Palm's Petition moot."
Sevco and the District have urged that we affirm the dismissal on the grounds that Royal Palm lacked standing to challenge the permit modification. The District and Sevco have relied upon our test for third-party intervention in agency proceedings announced in Agrico Chemical Company v. Department of Environmental Regulation, 406 So.2d 478 (Fla. 2d DCA 1981), rev. denied, 415 So.2d 1359 (Fla. 1982). We held in Agrico that a third party could intervene in an application for a permit if substantial interests of the third party would be implicated by final agency action. Agrico, 406 So.2d at 482; see § 120.52(2), (11) and (12), Fla. Stat. (1989). Pursuant to our decision in Agrico, Royal Palm needed to demonstrate (1) a substantial interest that would be immediately injured by the permit modification and (2) injury of the type or nature that a section 120.57 hearing is designed to protect. Agrico, 406 So.2d at 482. The permittee in Agrico was able to show that the intervenor's "substantial interest" was purely economic in that the intervenor simply wanted to preclude competition. In like vein, Sevco and the District have sought to reduce Royal Palm's interest in restricting the use of Lake Tract A to a dispute over competing rights in private property. We reject the notion that the present proceeding is confined to disputed property interests. As a property owner possessed of the legal right to drain into Lake Tract A, Royal Palm has a substantial interest in the system's operational and environmental integrity, conditions that could be undermined by a sudden infusion of additional surface waters from an adjoining development. See Gregory v. Indian River County, 610 So.2d 547 (Fla. 1st DCA 1992) (landowners who faced potential injury by granting of permit to construct stormwater treatment system had standing to intervene). We conclude, therefore, that Royal Palm had sufficient interest in the matter to accord it standing to challenge Sevco's request for a permit.
After showing that its substantial interests were affected, Royal Palm next needed to establish a disputed issue of material fact for the hearing officer to resolve. See Friends of the Hatchineha, Inc. v. State, Dept. of Environmental Regulation, 580 So.2d 267 (Fla. 1st DCA 1991). When it challenged the sufficiency of the Sevco application, Royal Palm raised such an issue. Its amended petition specifically identifies a deficiency in Sevco's permit modification application; the application fails to satisfy the District's prerequisite of an interest in Lake Tract A sufficient to endow Sevco with proprietary control over the system. In short, we find it surprising that the District would conclude that Sevco's willingness to take total responsibility for Lake Tract A warranted a determination of mootness when Sevco had the burden but failed to disclose an actual ownership interest in Lake Tract A. See Woodholly Associates v. Department of Natural Resources, 451 So.2d 1002, 1004 (Fla. *536 1st DCA 1984). The allegations contained in Royal Palm's amended petition controverted the ownership and control Sevco claimed. It is evident that further administrative proceedings are necessary properly to resolve this matter.
Accordingly, we reverse and remand to the District with direction to initiate appropriate steps toward the conduct of a hearing prescribed by section 120.57.
RYDER and CAMPBELL, JJ., concur.