812 So.2d 572 (2002)
UNIVERSITY OF SOUTH FLORIDA COLLEGE OF NURSING; and University of South Florida College of Medicine, Appellants,
v.
STATE of Florida, DEPARTMENT OF HEALTH, and M & D Care, Inc., d/b/a Women's Health Care, Appellees.
No. 2D00-3491.
District Court of Appeal of Florida, Second District.
April 3, 2002.
*573 Sylvia H. Walbolt of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., St. Petersburg, and Robert Pass and Martha Harrell Chumbler of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., Tallahassee, for Appellants.
Barbara Ann Dell McPherson, St. Petersburg, for Appellee State of Florida, Department of Health.
David C. Borucke of Holland & Knight LLP, Tampa, for Appellee M & D Care, Inc.
NORTHCUTT, Judge.
The University of South Florida Colleges of Nursing and Medicine (collectively, USF) contend they were entitled to a formal administrative hearing after they failed to obtain a contract to furnish gynecological services in Hillsborough County's public health clinics. The Department of Health denied USF's demand for a hearing. We affirm.
Proceeding under a health care exemption to statutory competitive sealed bid procedures, section 287.057(3)(f)(6), Florida Statutes (1999), the Department solicited three providers to submit quotes for performing the mentioned services. The written request for quotes described the services and the process by which the Department intended to select the contractor. The latter included a time line for the selection process, committee evaluation of the vendors' submissions, and a point scheme by which the submissions would be assessed and ranked. The Department did not advertise the project, as would have been required in the usual competitive procurement process, nor did it otherwise adhere to Florida statutes or administrative rules governing competitive procurement by state agencies. See § 287.042(3)(b); Fla. Adm.Code R. 60A 1.002(4)(a), (7)(c).
Two of the providers, USF and M & D Care, Inc. d/b/a Women's Health Care, responded with submissions detailing their proposals for performing the contract. After committee presentations, Women's Health Care's proposal was given a slim edge in the rankings. The Department rejected both submissions and brought the parties together in an attempt to negotiate an arrangement under which the two providers would divide responsibility for performing the services. When this failed, the Department awarded the contract to Women's Health Care on substantially the same terms as the provider had originally proposed.
*574 USF petitioned for a formal administrative hearing pursuant to section 120.57, Florida Statutes (1999), in order to contest the Department's decision on several grounds. It alleged that the committee's ranking of the two submissions was flawed and that the Department's determinations to reject both submissions and, later, to award the contract to Women's Health Care were arbitrary, capricious, and contrary to competition. USF later amended its petition to allege that the Department and Women's Health Care had violated the Sunshine Laws during the selection process.
Section 120.57(1), a provision of Florida's Administrative Procedure Act, provides that a party whose "substantial interests" are determined in an agency proceeding is entitled to have disputed issues of material fact resolved in a formal evidentiary hearing. To qualify as having a substantial interest, one must show that he will suffer an injury in fact which is of sufficient immediacy to entitle him to a hearing and that this injury is of the type or nature which the proceeding is designed to protect. Royal Palm Square Ass'n v. Sevco Land Corp., 623 So.2d 533 (Fla. 2d DCA 1993); Agrico Chem. Co. v. Dep't of Envtl. Regulation, 406 So.2d 478 (Fla. 2d DCA 1981).
For these purposes a substantial interest is something more than a mere unilateral expectation of receiving a benefit. See Fertally v. Miami-Dade Cmty. Coll., 651 So.2d 1283 (Fla. 3d DCA 1995) (holding that nonrenewal of community college professor's annual contract did not affect her substantial interests for purposes of section 120.57); Metsch v. Univ. of Fla., 550 So.2d 1149 (Fla. 3d DCA 1989) (holding applicant's desire to attend law school was not a substantial interest entitling him to a section 120.57 hearing upon denial of his application). Accordingly, USF did not ground its petition simply on its belief that it was the better choice for the job. Rather, it contended that although the procurement was exempt from competitive processes mandated by statute, the Department's voluntary use of a competitive selection format bound it to abide by statutory competitive procurement procedures and subjected the Department's decision to challenge under the bid protest provisions of section 120.57(3). On this premise, USF claimed a substantial interest in competing on a fair basis for the contract, which interest had been adversely affected by the Department's decision to award the contract to Women's Health Care.
We disagree with USF's premise. A procurement that has been exempted from competitive procedural mandates is not subjected to those mandates simply because the procuring agency elects to employ a competitive mechanism for sorting out its choices. To hold otherwise would undermine the purpose of the statutory exemption. Also, as a practical matter such could have an anticompetitive effect, in that it would discourage agencies from incorporating competitive components into their exempt procurement decision making.
The one case USF tenders for the contrary proposition, Fairbanks, Inc. v. Department of Transportation, 635 So.2d 58 (Fla. 1st DCA 1994), does not support it. Fairbanks involved a petition by a manufacturer of truck weighing scales to obtain a formal administrative hearing in connection with a DOT contract for construction of a weigh station. The manufacturer contended that the DOT's bid specification requiring the inclusion of a component available only from a competing manufacturer was arbitrary and anticompetitive. The contract was governed by competitive procurement provisions in section 337.11, Florida Statutes (1991), relating to the department's *575 purchasing and contracting authority, and for that reason was exempt from the requirements of the general state procurement statutes. § 287.057(3)(f)(12). The DOT denied the hearing request on the ground that the manufacturer itself was not a bidder for the contract and therefore, it had no standing to file a bid protest under section 337.11. The First District reversed. Guided by competitive values expressed by the legislature in sundry statutes, the court held that in light of the "peculiar facts" of that case the manufacturer was entitled to request a section 120.57 hearing.
As can be seen, Fairbanks examined the standing of a particular party to challenge a procurement that was subject to competitive bidding requirements. To be sure, the court relied on various legislative expressions favoring competitive public procurement. But it had no occasion to, and did not, hold that those expressions grant anyone standing to challenge a procurement that the legislature has specifically exempted from competitive requirements.
On appeal, USF has expanded its position to include an assertion that the procurement involved in this case was exempt only from the competitive sealed bid requirements of section 287.057(1), but not from statutes governing other forms of competitive procurement, such as competitive sealed proposals. Both parties make persuasive arguments on this point, but we do not decide it because it was raised for the first time in this appeal. Boyd v. Dep't of Revenue, 682 So.2d 1117 (Fla. 4th DCA 1996).
Affirmed.
WHATLEY and DAVIS, JJ., Concur.