843 So.2d 344 (2003)
YBOR III, LTD., Appellant,
v.
FLORIDA HOUSING FINANCE CORPORATION, Appellee.
No. 1D01-4776.
District Court of Appeal of Florida, First District.
April 23, 2003.
E. Gary Early, of Messer, Caparello & Self, P.A., Tallahassee, for Appellant.
Wellington H. Meffert, II, General Counsel; and Hugh R. Brown, Assistant General Counsel, Tallahassee, for Appellee.
BROWNING, J.
Ybor III, Ltd. (Appellant), appeals a final order of the Board of the Florida Housing Finance Corporation (Appellee) dismissing Appellant's petition for a formal administrative proceeding. Appellant contends that Appellee exceeded its authority and violated sections 120.569 & -.57(1), *345 Florida Statutes (2001),[1] by dismissing the petition. Concluding that Appellant has demonstrated that it has a "substantial interest" in the proceedings at issue, we reverse the final order and remand for a formal administrative hearing. See Agrico Chem. Co. v. Dep't of Env. Reg., 406 So.2d 478, 482 (Fla. 2d DCA 1981).

Appellee's Statutory Mandate
Appellee's mandate is clearly set out in Chapter 420, Florida Statutes. Appellee, an entrepreneurial public corporation within the Department of Community Affairs, was created "to provide and promote the public welfare by administering the governmental function of financing or refinancing housing and related facilities in Florida...." §§ 420.504(1) & -.502(7), Fla. Stat. To fulfill this statutory mandate, Appellee participates in various state and federal programs that serve to provide affordable and low-income housing in Florida. See, e.g., §§ 420.5087 (State Apartment Incentive Loan "SAIL" Program), -.5089 (HOME Investment Partnership Program) & -.5099 (designating Appellee as housing credit agency for Low-Income Housing Tax Credit Program for purposes of Internal Revenue Code), Fla. Stat. Among Appellee's powers are the right "[t]o make rules necessary to carry out the purposes of this part and to exercise any power granted in this part pursuant to the provisions of chapter 120." § 420.507(12), Fla. Stat. In exchange for Appellee financing, developers enter long-term agreements with the agency restricting the rents that can be charged to qualified low-income residents. Because the demand for funding through these programs far exceeds the amount of funds that Appellee has available, the agency has established a competitive application process for awarding funds. For the 2001 competitive cycle, the applications for SAIL and HOME funds, as well as for low-income housing tax credits, were combined into one "Universal Application." Fla. Admin. Code R. 67 48.001(1), Fla. Admin. Code.

Procedural History
In compliance with Appellee's bidding process Appellant and Windsong II sought funding during a funding cycle. Windsong II was awarded funding and Appellant was not. Appellee's "funding pool" was not sufficient to fund both Appellant and Windsong II, and, therefore, Appellee's selection of Windsong II resulted in Appellant's exclusion from funding. Appellant asserted to Appellee that Windsong II's application was scored incorrectly, and if it had been properly scored, that Appellant would have been the highest and best applicant and entitled to the funding awarded to Windsong II. Appellee denied Appellant's assertion and left Windsong II's scoring unchanged.
Disappointed with Appellee's action, Appellant filed a petition for a formal administrative hearing. Appellant argued that had Windsong II's application been scored in compliance with Appellee's clear rule instructions, policies, and practices, Appellant, and not Windsong II, would be entitled to funding. Appellee, in response, maintained that Appellant was not entitled to a hearing because Appellant was attempting to assert an after-the-fact unauthorized cross-appeal in direct violation of the "no intervention" Rule 67-48.005(1) Florida Administrative Code, which states in part: "No Applicant or other person or entity will be allowed to intervene in the appeal of another Applicant." Appellant, in response, alleged that a section 120.57 petition is not an intervention, but is its own proceeding to challenge the scoring of Windsong II's application, and, as such, Appellant is a "substantially affected person" *346 entitled to a hearing. Appellee entered a final order adopting its position, and Appellant instituted this appeal.

Analysis
The APA defines "party" to include "[s]pecifically named persons whose substantial interests are being determined in the proceeding." § 120.52(12), Fla. Stat. Appellant fits within the broad statutory definition of "person." § 1.01(3), Fla. Stat. The parties agree that the decisional starting point for determining whether Appellant has standing is Agrico Chem. Co., 406 So.2d at 478, in which the court set out a two-pronged test:
We believe that before one can be considered to have a substantial interest in the outcome of the proceeding he must show 1) that he will suffer injury in fact which is of significant immediacy to entitle him to a section 120.57 hearing, and 2) that his substantial injury is of a type or nature which the proceeding is designed to protect.
Id. at 482. Having raised disputed issues of material fact, Appellant still had to establish standing to request and participate in a formal administrative hearing. The first prong of the Agrico Chem. Co. test "deals with the degree of injury," whereas the second prong "deals with the nature of the injury." Id. To prove standing, Appellant has to satisfy both prongs. Based upon the record here, we determine that Appellant does have standing under Agrico Chem Co.
We conclude that Appellant meets the first prong of the test requiring that it show a "substantial interest." Appellee, by granting Windsong II's application, excluded Appellant from that cycle of the funding process; such exclusion provides a sufficient interest to support a section 120.57 hearing for Appellant. See Fairbanks, Inc. v. Dep't of Transp., 635 So.2d 58 (Fla. 1st DCA 1994); Bio-Medical Applications of Ocala, Inc. v. Office of Cmty. Med. Facilities, Dep't of Health & Rehab. Servs., 374 So.2d 88 (Fla. 1st DCA 1979).
We also conclude that Appellant meets the second prong of the Agrico Chem. Co. test, i.e., Appellant's injury is of the type or nature that the proceeding is designed to protect. Common sense and logic dictate that if such a program of economic incentives to private investors to commit to low-income housing is to succeed, the process of determining who is qualified for loans and/or tax credits must be administered fairly, honestly, and consistently according to the rules that Appellee is charged with implementing. The allegations in the petition, taken as true for purposes of appellate review, indicate that the scoring and ranking process used by Appellee to evaluate Appellant's and Windsong II's applications was not carried out in a manner consistent with the agency's mandate to create and administer investment incentives. Once it became aware of perceived irregularities or improprieties in the application evaluation procedures employed by Appellee, Appellant was denied any meaningful opportunity to be heard. Were Appellee's interpretation of its rules to be approved by this court, then an unsuccessful, simultaneous applicant for a finite, limited benefit who questions the integrity of the evaluation process itself would not have an adequate forum to be heard. An agency could act fraudulently, illegally, arbitrarily, dishonestly, or inconsistently with impunity. The administrative need for decisional finality is a nullity if the road toward closure does not permit a reasonable point of entry for an aggrieved applicant to speak and be heard. Because Appellant demonstrated the requisite substantial injury and was denied such an opportunity, we conclude that Appellant has satisfied the second prong of the "substantial interest" test. Therefore, *347 Appellant has standing to request a formal administrative hearing to address the disputed facts alleged in the petition.
We REVERSE the dismissal order and REMAND for a formal administrative hearing.
DAVIS and POLSTON, JJ., CONCUR.
NOTES
[1] All statutory citations are to the 2001 provisions unless otherwise noted.