WEBSTER, J.
 

 Keystone Peer Review Organization, Inc., seeks review of a final order entered
 
 *653
 
 by the Secretary of the Agency for Health Care Administration (AHCA) dismissing Keystone’s formal written protest and petition for an administrative hearing pursuant to a motion to dismiss filed by AHCA staff. The sole basis articulated in the order for dismissal was that, “[bjecause [AHCA] was not required to engage in competitive bidding, it was not bound to follow competitive bidding procedures and [Keystone] does not have standing to protest [AHCA’s] decision to enter into a contract with [Louisiana Health Care Review].” We conclude that the record on appeal does not contain competent substantial evidence to support the determination that “[AHCA] was not required to engage in competitive bidding.” Accordingly, we reverse, and remand with directions that AHCA refer Keystone’s petition to the Division of Administrative Hearings for a formal hearing, pursuant to section 120.57, Florida Statutes (2009).
 

 On January 8, 2009, AHCA issued a “Request for Information” inviting vendors potentially interested in contracting with AHCA to provide “prior authorization of inpatient medical and home health services for Medicaid in the state of Florida” to submit information. The Request for Information stated that the information submitted would be used to identify interested vendors, but would “not result in the award of a contract.” The estimated annual funding for the proposed contract was between $11,000,000 and $12,500,000. Keystone and Louisiana Health Care Review were among the nine responding vendors. A “Decision Memorandum” released on June 3, 2009, recommended that AHCA award the contract to Louisiana Health Care and, on June 9, 2009, AHCA posted an “Advertisement” on its web site reflecting its decision to enter into a contract with Louisiana Health Care.
 

 On June 19, 2009, Keystone filed with AHCA its protest and petition challenging the award and requesting an administrative hearing pursuant to section 120.57(1) and (3)(b), Florida Statutes (2008), claiming that the contract was subject to the competitive procurement requirements of chapter 287, Florida Statutes, and that the procurement process used did not comply with those requirements. AHCA’s legal department responded with a motion to dismiss contending that the contract was exempt from the competitive procurement requirements of chapter 287 pursuant to section 287.057(5)(f)6, Florida Statutes, and that, therefore, Keystone lacked standing to protest the process used to award the contract, citing
 
 University of South Florida College of Nursing v. State Department of Health,
 
 812 So.2d 572 (Fla. 2d DCA 2002). On August 17, 2009, AHCA’s Secretary entered a final order dismissing the protest and petition, stating that, “[b]ecause [AHCA] was not required to engage in competitive bidding, it was not bound to follow competitive bidding procedures and [Keystone] does not have standing to protest [AHCA’s] decision to enter into a contract with [Louisiana Health Care Review].” Keystone now appeals, arguing, among other things, that we should reverse because a factual dispute exists as to whether the contract is exempt from the competitive bidding process by virtue of section 287.057(5)(f)6, Florida Statutes (2008), and the record contains no competent substantial evidence demonstrating that the contract is exempt pursuant to that provision. We agree.
 

 Section 287.057(5)(f)6 exempts from the competitive bidding process set out in other parts of that section “[h]ealth services involving examination, diagnosis, treatment, prevention, medical consultation, or administration.” In the only reported decision addressing the issue, the Second District Court of Appeal has held that, if a
 
 *654
 
 contract is exempt from the competitive bidding process by virtue of section 287.057(5)(f)6, a party that unsuccessfully attempted to secure the contract is not entitled to a formal administrative hearing, even if the contracting agency “elects to employ a competitive mechanism for sorting out its choices.”
 
 Univ. of S. Fla. Coll. of Nursing v. State Dep’t of Health,
 
 812 So.2d 572, 574 (Fla. 2d DCA 2002).
 

 AHCA argues that the contract in question “fall[s] squarely within the ... exemption, because [it] involve[s] both health consultation and health services administration.” It invites us to reach that conclusion after reviewing the Request for Information and a plethora of federal and state statutes, rules and documents. We decline AHCA’s invitation to engage in appellate fact-finding.
 
 See Siegel v. Career Serv. Comm’n,
 
 413 So.2d 796, 797 (Fla. 1st DCA 1982) (“[fjact-finding is solely within the province of lower tribunals, either administrative or judicial”). Keystone alleged in its protest and petition that the contract did not qualify for exemption, and that AHCA’s insistence that it did was a subterfuge to avoid the competitive bidding requirements of chapter 287, We must accept those allegations as true for purposes of this appeal.
 
 See Mid-Chattahoochee River Users v. Fla. Dep’t of Envtl. Prot.,
 
 948 So.2d 794, 796 (Fla. 1st DCA 2006) (“[i]n determining whether a party has standing to seek a formal administrative hearing, the allegations contained in the party’s petition must be taken as true”). The allegations are sufficient to demonstrate standing.
 
 See Fairbanks, Inc. v. State Dep’t of Transp.,
 
 635 So.2d 58, 60-61 (Fla. 1st DCA 1994) (a party claiming that an agency has sought to subvert the purpose of competitive bidding has standing to challenge such action as fraudulent, arbitrary, illegal or dishonest in a section 120.57 proceeding).
 

 We reverse AHCA’s final order dismissing Keystone’s protest and petition for lack of standing, and remand with directions that AHCA refer the protest and petition to the Division of Administrative Hearings for a formal hearing. Should the administrative law judge conclude following an evidentiary hearing that the contract is exempt from the competitive bidding process outlined in chapter 287, Florida Statutes, by virtue of the section 287.057(5)(f)6 exemption, she shall dismiss the protest and petition on the authority of
 
 University of South Florida College of Nursing v. State Department of Health,
 
 812 So.2d 572 (Fla. 2d DCA 2002).
 
 See Sys. Components Corp. v. Fla. Dep’t of Transp.,
 
 14 So.3d 967, 973 n. 4 (Fla.2009) (“[i]n the absence of inter-district conflict or contrary precedent from th[e Supreme] Court, it is absolutely clear that the decision of a district court of appeal is binding precedent
 
 throughout Florida
 
 ”)
 
 (citing Pardo v. State,
 
 596 So.2d 665, 666 (Fla. 1992));
 
 Scottsdale Ins. Co. v. Desalvo,
 
 666 So.2d 944, 946 (Fla. 1st DCA 1995). Should the administrative law judge conclude that the contract is not exempt from the competitive bidding process, she shall resolve the protest and petition on the merits.
 

 REVERSED and REMANDED, with directions.
 

 PADOVANO and THOMAS, JJ., concur.