RAY, J.
Pro Tech Monitoring, Inc., Appellant, seeks review of a final order issued by the Department of Corrections dismissing its formal bid protest petition as untimely. The dismissal of the petition was based on an erroneous application of the law to a set of disputed facts. As a result, we reverse and remand for further proceedings consistent with this opinion.
Appellant’s formal bid protest petition was due on January 3, 2011, pursuant to the procedures outlined in section 120.57(3), Florida Statutes (2010). Although Appellant contends the petition was filed during business hours on January 3, 2011, the agency clerk’s office did not stamp the petition as received until 10:15 a.m. the following day. After a delay of nearly one month, the Department ordered Appellant to show cause why its petition should not be dismissed as untimely. In response, Appellant alleged that the petition was timely filed or, in the alternative, that it should be accepted as such based on the doctrines of equitable tolling and estoppel. To establish the factual basis for its claims, Appellant attached the affidavit of Justin Splitt, an office services assistant for the law firm representing Appellant.
According to Splitt’s affidavit, he hand-delivered the petition to the Department during business hours on the afternoon of January 3, 2011. When he arrived at the Department’s front intake desk, a security guard was stationed there. Splitt told the security guard he was there to file a document with the agency clerk, whose office is located within the same building. The security guard would not allow Splitt to deliver the documents personally because ac *279 cess to the building is restricted to the public. Instead, the security guard accepted the petition, along with copies to be delivered to various officials within the Department’s restricted-access area. The security guard also stamped Splitt’s copy of the petition with a Department-issued stamp located at the intake desk. The stamp indicates that the Department received the document at 4:46 p.m. on January 3, 2011. Splitt attested that he had previously filed the notice of intent to protest in the same manner on its due date and that this notice had been accepted as timely filed.[1] Thus, he claimed he was following established Department procedures when he delivered the formal bid protest petition to the front intake desk for filing.
The Department accepted Appellant’s allegations as true for the purpose of determining whether to dismiss the petition yet ruled that Splitt had “failed to take adequate measures available to insure that the [pjetition was received in fact by the Clerk of the Agency on or before the date it was due.” For this reason, the Department dismissed the petition as untimely. This decision was based on an erroneous application of the law. There are facts in the affidavit that support a conclusion that the petition was timely filed. Furthermore, additional facts in the affidavit support an alternative conclusion that the petition should be accepted as such based on the doctrine of equitable tolling.
Timely Filing
Section 120.57(3) sets forth the deadlines for filing a notice of protest and a formal written protest for disputes arising out of the public contract solicitation and award process. Upon receipt of a timely-filed formal written protest, an agency is required to stop the solicitation or contract award process pending resolution of the dispute by final agency action. § 120.57(3)(e). Pursuant to Florida Administrative Code Rule 28-106.104(1), a petition is filed when it is “received by the office of the Agency Clerk during normal business hours or by the presiding officer during the course of a hearing.” See § 120.57(3) (providing that the uniform rules of procedure apply to bid protests). As part of the uniform rules of procedure, this rule was adopted in an effort to establish procedures that comply with the requirements of the Administrative Procedure Act. See § 120.54(5)(a), Fla. Stat. (2010). Just as the purpose of the Florida Rules of Civil Procedure is “to further justice and not to frustrate it,” Strax Rejuvenation & Aesthetics Institute, Inc. v. Shield, 49 So.3d 741 (Fla.2010), the purpose of the Administrative Procedure Act is to ensure due process and fair treatment of those affected by administrative actions, see Machules v. Dep’t. of Admin., 523 So.2d 1132 (Fla.1988).
The Department’s application of the rule to the facts before it was based on an unreasonable construction of the filing rule, which is contrary to the purpose of the Administrative Procedure Act. According to Appellant, its representative hand-delivered the petition to the agency clerk’s address; went as far into the restricted-access building as he was allowed to go; told the Department’s agent stationed at the agency’s public point of contact that he was there to file a document *280 with the agency clerk; was told by the Department’s agent that he would take receipt of the document for delivery within the Department; and requested, and in fact received, a date and time-stamped copy of the petition. Once the Department’s agent accepted the petition in this manner, there was nothing more for Appellant to do. Applying the filing rule in such as way as to require a party to personally ensure delivery to a specific room where the party is not allowed to go is patently unreasonable. Cf. Strax, 49 So.3d at 744 (“A rule that would deny a citizen who has timely sought an appeal his or her right to appeal based on a proven mistake by a clerk’s office employee is not consistent with justice or due process.”). In the situation presented to us, the security guard’s desk operated as the agency clerk’s constructive office for the purposes of filing. Thus, these facts indicate that the petition was timely filed as a matter of law.
Equitable Tolling
We are also persuaded by Appellant’s argument that, in the alternative, the doctrine of equitable tolling could apply to the facts presented in this case. Under the doctrine of equitable tolling, a late-filed petition should be accepted “when the plaintiff has been misled or lulled into inaction, has in some extraordinary way been prevented from asserting his rights, or has timely asserted his rights mistakenly in the wrong forum,” provided that the opposing party will suffer no prejudice. Machules, 523 So.2d at 1134, 1137 (Fla.1988). In Machules v. Department of Administration, the Florida Supreme Court expressly held that this doctrine applies in administrative proceedings. Id. at 1136-37. In so holding, the court noted that the Administrative Procedure Act was intended to ensure that “the public would receive due process and significantly improved fairness of treatment ... than was commonly afforded under the predecessor act.” Id. at 1134 (quoting Machules v. Department of Administration, 502 So.2d 437, 446 (Fla. 1st DCA 1986) (Zehmer, J., dissenting)).
Attempting to distinguish Machules, the Department contends that equitable doctrines may not be applied to the deadline for filing a formal bid protest petition under section 120.57(3) because this deadline is jurisdictional. In O’Donnell’s Corp. v. Ambroise, 858 So.2d 1138, 1140 (Fla. 5th DCA 2003), the Fifth District observed that Florida courts had “consistently held that late filing of a request for an administrative hearing is not jurisdictional, but is analogous to a statute of limitations which is subject to equitable exceptions.” Nevertheless, the Department contends that requests for hearing under section 120.57(3) do not fall under this holding.
Section 120.57(3) provides that “[fjailure to file a notice of protest or failure to file a formal written protest shall constitute a waiver of proceedings under this chapter.” The Department submits that this language illustrates the jurisdictional nature of the deadline. We disagree. This language simply describes the nature of a filing deadline or statute of limitations and does not suggest that equitable doctrines may not be applied to overcome the harsh effect of a filing deadline where such an effect would be contrary to due process or legislative intent. Just as the doctrine of equitable tolling may be applied to a statute of limitations, it may be applied to the filing deadlines under section 120.57(3). See Machules, 523 So.2d at 1133-34 (explaining that “[t]he doctrine of equitable tolling was developed to permit under certain circumstances the filing of a lawsuit that otherwise would be *281 barred by a limitations period”); O’Donnell’s, 858 So.2d at 1140.
Section 120.569(2)(c) confirms and informs our holding that the doctrine of equitable tolling should be applied to excuse the late filing of a bid protest petition under appropriate facts. Although section 120.569(2)(c) directs agencies to dismiss untimely petitions, it also notes, “This paragraph does not eliminate the availability of equitable tolling as a defense to the untimely filing of a petition.” The Department argues that the absence of similar language in section 120.57(3) indicates that equitable tolling may not serve as a basis for excusing the late filing of a bid protest petition. The Department’s argument rests on the assumption that section 120.569 does not apply to bid protest proceedings. This assumption, however, is not supported by the text of either section 120.569 or section 120.57(3). To the contrary, section 120.569 states that it applies to “all proceedings in which the substantial interests of a party are determined by an agency,” with some exceptions not applicable to the instant case. The title of section 120.57(3) states plainly that it provides “additional procedures applicable to protests to contract solicitation or award.” (original in all capital letters). Thus, section 120.57(3) does not replace section 120.569, but rather supplements it.
The Department emphasizes that expediency and finality are important in the public contract solicitation and award process, as indicated by the expedited administrative review process provided for in section 120.57(3). We agree with this observation. For this reason, it is important to note that although the doctrine of equitable tolling applies to section 120.57(3), the filing deadlines contained therein should be strictly enforced under ordinary circumstances. See Xerox Corp. v. Fla. Dep’t of Prof'l Regulation, 489 So.2d 1230, 1231 (Fla. 1st DCA 1986) (finding “informal and imprecise oral communications” from an agency “insufficient in form and substance to overcome the effect of [a] prior formal notice as to the necessity of a timely protest”). This concept, of course, is already embedded in the doctrine of equitable tolling. See Machules, 523 So.2d at 1134; cf. Riverwood Nursing Ctr., LLC v. Agency for Health Care Admin., 58 So.3d 907, 910 (Fla. 1st DCA 2011) (concluding that the facts did not support equitable tolling where an agency informed the petitioner after the deadline for filing a request for hearing had passed that its late-filed request would be accepted as timely).
The facts set forth in Splitt’s affidavit are not ordinary; they do not indicate that the Department was merely enforcing a filing deadline required by the applicable statute and rule. On the contrary, they indicate that the Department’s actions, willfully or not, prevented Appellant from complying with the Department’s interpretation of the rule and affirmatively led Splitt to believe that he needed to take no further action. Thus, the Department erred in failing to apply the doctrine of equitable tolling.
Conclusion
In conclusion, we hold that Appellant has made a prima facie case to show that its petition should be accepted as timely filed or, alternatively, the filing deadline should be equitably tolled to the date and time the petition was internally delivered from the agency’s public point of contact to the agency’s clerk’s office.[2] Ae- *282 cordingly, we reverse and remand for a determination of the facts related to the timeliness issue. If the Department elects to accept Appellant’s allegations as true, it is directed to forward the petition to the Division of Administrative Hearings (DOAH) for review on the merits. See Nicks v. Dep’t of Bus. & Prof'l Regulation, 957 So.2d 65, 68 (Fla. 5th DCA 2007). If the Department chooses to dispute the facts on remand, it must forward the petition to DOAH for an evidentiary hearing on whether the petition should be dismissed. See Keystone Peer Review Org., Inc. v. State, Agency for Health Care Admin., 26 So.3d 652, 654 (Fla. 1st DCA 2010). If the administrative law judge concludes that the petition should be accepted for substantive review based on either of the theories discussed above, he or she should proceed to resolve the protest and petition on the merits. See id.
REVERSED and REMANDED with instructions.
WOLF and LEWIS, JJ., concur.

. While not raised by the parties, the record reflects that the notice of intent to protest was due on December 22, 2010, at 1:00 p.m. Appellant’s notice was stamped at the Department’s front intake desk on December 22, at 9:50 a.m., but not stamped at the Department’s clerk’s office until 1:39 p.m. Interestingly, the Department does not dispute that Appellant’s notice was timely filed even though it was apparently received by the clerk's office thirty-nine minutes after the stated deadline.

. After serious and careful deliberation, we feel constrained to grant Appellant’s motion for attorney’s fees and costs under section 120.595(5), Florida Statutes (2010), and do so *282 under separate order. Appellant's Response to the Department’s Order to Show Cause was supported by an affidavit which, at a minimum, raised disputed issues of fact regarding the timeliness of its bid protest petition and requested a formal evidentiary hearing at DOAH to resolve such factual disputes. The Department's refusal to forward this issue to DOAH was so contrary to the fundamental principles of administrative law that it constituted a gross abuse of discretion. See Ft. Myers Real Estate Holdings, LLC v. Dep't of Bus. & Prof'l Regulation, Div. of Pari-Mutuel Wagering, 53 So.3d 1158, 1162 n. 4 (Fla. 1st DCA 2011) (awarding section 120.595(5) fees where the agency dismissed a petition for formal administrative hearing for lack of standing, contrary to the basic, settled principles of administrative law); Salam v. Bd. of Prof'l Eng’rs, 946 So.2d 48, 49 (Fla. 1st DCA 2006) (awarding section 120.595(5) fees where the agency arbitrarily and capriciously failed to act on a petition for formal hearing within the required time, thus putting the petitioner’s rights "on hold”). The Department’s actions in this case gave rise to an appeal that should never have ensued and served only to further delay the final award of a contract. See Residential Plaza at Blue Lagoon v. Agency for Health Care Admin., 891 So.2d 604, 607 (Fla. 1st DCA 2005) (noting the waste of resources, both public and private, stemming from an agency’s gross abuse of discretion).