# FIRST DISTRICT COURT OF APPEAL
# STATE OF FLORIDA

_____

No. 1D18-2035

_____

ASPHALT PAVING SYSTEMS, INC.,

    Appellant,

    v.

ANDERSON COLUMBIA and STATE
OF FLORIDA, DEPARTMENT OF
TRANSPORTATION,

    Appellees.

_____

On appeal from the Department of Transportation.
Mike Dew, Secretary.

February 18, 2019

B.L. THOMAS, C.J.

Asphalt Paving Systems, Inc. appeals the Florida Department of Transportation's final order denying a petition for agency review of the Department's decision to preclude a challenge to a purported "supplemental agreement" which was not subject to competitive bidding. Asphalt Paving asserts that the well-pled allegations of its petition established standing and entitled it to a formal hearing pursuant to section 120.57(1), Florida Statutes. We agree and reverse.

*Facts*

In 2016, the Department published a notice seeking bid proposals for a maintenance contract for the highways in the Department's District 3 area. The bid solicitation specified that the work included the maintenance of "rumble strips," or raised lines along the edges of roads that make a distinct noise on impact, designed to warn drivers about speed restrictions or the roadway's edge. Appellee Anderson Columbia was the only bidder on the maintenance contract, and the Department executed a contract with Anderson Columbia.

Due to numerous public complaints regarding the noise generated by the rumble strips, the Department decided to fill the strips. The Department entered into an agreement with Anderson Columbia, calling for the repair of the Mahan Drive rumble strips by "microsurfacing." The Department did not publish a bid solicitation for this work.

Asphalt Paving filed an amended petition with the Department under section 120.57(1), Florida Statutes, requesting that the microsurfacing work be removed from the maintenance contract and submitted for public bidding. Asphalt Paving stated that the work is of the type that Asphalt Paving routinely engages in, and if the Department had solicited public bids on the work, Asphalt Paving would have bid on it. Asphalt Paving alleged that the work was required to be publicly bid, as it did not qualify as the subject of a "supplemental agreement" under section 337.11(9)(b), Florida Statutes, because the microsurfacing did not relate to the original contract. Asphalt Paving asserted that the Department's interpretation of section 337.11(9), Florida Statutes, was contrary to legislative intent mandating public bidding for the benefit of the taxpayers.

The Department dismissed Asphalt Paving's request for a formal hearing. In its final order, the Department stated that Asphalt Paving's amended petition did not provide information sufficient to establish how its substantial interests would be affected by agency action, and therefore Asphalt Paving had not demonstrated standing for a formal hearing under section 120.57(1), Florida Statutes. The Department stated that its decision to supplement the original contract was done in

2

accordance with section 337.11(9), Florida Statutes, and therefore Asphalt Paving's "alleged potential economic injury [was] insufficient to afford standing under the injury in fact analysis."

*Analysis*

"Whether a party has standing to bring an action is a question of law that is to be reviewed de novo." *Mid-Chattahoochee River Users v. Fla. Dep't of Entvl. Prot.*, 948 So. 2d 794, 796 (Fla. 1st DCA 2006). "To establish entitlement to a section 120.57 formal hearing, one must show that its 'substantial interests will be affected by proposed agency action.'" *Fairbanks, Inc. v. State, Dep't of Transp.*, 635 So. 2d 58, 59 (Fla. 1st DCA 1994); §§ 120.52(13)(b); 120.57, Fla. Stat. (2018). "This, in turn, requires a showing that (1) the proposed action will result in injury-in-fact which is of sufficient immediacy to justify a hearing; and (2) the injury is of the type that the statute pursuant to which the agency has acted is designed to protect." *Id.* (citing *Agrico Chem. Co. v. Dep't of Envtl. Regulation*, 406 So. 2d 478 (Fla. 2d DCA 1981).

All the allegations in Asphalt Paving's amended petition are assumed to be factually correct: "In determining whether a party has standing to seek a formal administrative hearing, the allegations contained in the party's petition must be taken as true." *Mid-Chattahoochee*, 948 So. 2d at 796; *see also Hospice of Palm Beach County, Inc. v. State, Agency for Health Care Admin.*, 876 So. 2d 4, 5 (Fla. 1st DCA 2004) (holding that "[i]n determining whether [the appellant] had standing, the allegations contained in its petition must be taken as true"); *Ybor III, Ltd. v. Florida Housing Finance Corp.*, 843 So. 2d 344, 346 (Fla. 1st DCA 2003) (holding that allegations in appellant's petition for section 120.57 hearing should be "taken as true for purposes of appellate review").

Section 337.11(9)(b), Florida Statutes, provides criteria for work that may be permitted through a "supplemental agreement" to an existing contract, rather than bid publicly as a new contract. Asphalt Paving alleged that the work was required to be procured through public bidding, and the work did not meet the criteria of section 337.11(9)(b), Florida Statutes. Asphalt Paving relies on this court's decision in *Keystone Peer Review Org., Inc. v. State, Agency for Health Care Admin.*, 26 So. 3d 652 (Fla. 1st DCA 2010) for the proposition that, because Asphalt Paving alleged that the

microsurfacing was subject to public bidding, it established standing.

In *Keystone*, the Agency for Health Care Administration awarded a contract for health services to a vendor after publishing a request for information without publicly bidding the contract. 26 So. 3d at 653. Keystone responded to the request for information but was not awarded the contract, and filed a protest and petition challenging the award and requesting a hearing pursuant to section 120.57(1), Florida Statutes. *Id.* The agency denied Keystone's request for a formal hearing, stating that the contract fell within a statutory exemption to competitive bidding, and therefore Keystone did not have standing to protest the agency's award of the contract. *Id.* However, Keystone had alleged in its petition that the contract *was* subject to public bidding. *Id* at 654. This court stated that it was required to accept Keystone's allegations that the contract did not qualify for an exemption from the public bidding, and therefore the allegations were sufficient to demonstrate standing. *Id.*

Appellees argue that Asphalt Paving's argument that the exemption under section 337.11(9)(b), Florida Statutes does not apply asserts only a legal conclusion that cannot establish standing. However, this court in *Keystone* agreed with the appellant's assertion that "a *factual dispute* exists as to whether the contract is exempt from the competitive bidding process." 26 So. 3d at 653. (emphasis added). Here, as in *Keystone*, Asphalt Paving's amended petition alleged that the microsurfacing did not meet the statutory criteria for a public bidding exemption. That assertion, taken as true, establishes an injury that affects Asphalt Paving's substantial interests and establishes a material factual dispute, which establishes Asphalt Paving's standing and entitles it to a formal hearing under to section 120.57(1), Florida Statutes. *Keystone*, 26 So. 3d at 654.

We reverse the Department's final order dismissing Asphalt Paving's petition for lack of standing. We remand with directions that the Department refer the petition for a formal hearing to determine whether the work "could not reasonably have been contemplated or foreseen in the original Plans and Specifications," and therefore was exempt from public bidding. This determination will require the resolution of factual and legal questions regarding

4

the nature of the work involved and the application of section 337.11(9)(b), Florida Statutes.

REVERSED and REMANDED.

JAY, J., and LONG, JR., ROBERT E., ASSOCIATE JUDGE, concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Scott Widerman of Widerman Malek, PL, Melbourne; John F. Palladino and Amy R. Weintrob of Hankin Sandman Palladino & Weintrob, Atlantic City, NJ, for Appellant.

W. Robert Vezina III and Megan S. Reynolds of Vezina, Lawrence & Piscitelli, P.A., Tallahassee; Eduardo S. Lombard of Radley Law Firm, Tallahassee; Zeb Cheshire, General Counsel, Anderson Columbia Co., Inc., Lake City, for Appellee Anderson Columbia.

Marc A. Peoples, Assistant General Counsel, Florida Department of Transportation, Tallahassee, for Appellee Florida Department of Transportation.