ERVIN, J.
Petitioner, Florida Public Employees Council 79, AFSCME, AFL-CIO (AFSCME), seeks review of a non-final administrative order wherein the administrative law judge (ALJ) accepted a notice of appearance filed by Helen Heard, a non-lawyer, to represent respondent, Jacksonville Employees Together (JET).[1] AFSCME contends that Heard, as a lay representative, should have been qualified under Florida Administrative Code ,Rule 28-106.106. We affirm, because section 447.609, Florida Statutes (1997), obviates the need for such qualification, as Heard is an officer of an employee organization. This is a case of first impression.
JET is seeking authorization under section 447.307, Florida Statutes (1997), to represent employees of the City of Jacksonville before the Public Employees Relations Commission (PERC). AFSCME, which already represented the employees, intervened to challenge the petition for representation/certification. Helen Heard, secretary/treasurer of JET, filed a notice of appearance, which the ALJ accepted pursuant to section 447.609, providing:
Representation in proceedings.—
Any full-time employee or officer of any public employer or employee organization may represent his or her employer or any member of a bargaining unit in any proceeding authorized in this part, excluding the representation of any person or public employer in a court of law by a person who is not a licensed attorney.
AFSCME contends that the ALJ’s acceptance of the notice was error, because *490 non-lawyers who practice before PERC must satisfy the “criteria for qualified representatives” found in rule 28-106.106, relying upon The Florida Bar v. Moses, 380 So.2d 412 (Fla.1980). We consider Moses factually inapposite. There, the supreme court was asked to determine whether Edward Moses, a non-lawyer labor specialist, had engaged in the unauthorized practice of law by representing the Escambia County School Board against charges of unfair labor practices in a hearing before PERC. Section 120.62(2), Florida Statutes (1975), provided then, as it substantially does now:
Any person compelled to appear, or who appears voluntarily, before any hearing officer or agency in an investigation or in any agency proceeding has the right, at his own expense, to be accompanied, represented, and advised by counsel or by other qualified representatives.
(Emphasis added.) To implement section 120.62(2), PERC had promulgated rule 8H-4.13(a), which stated simply:
Any party shall have the right to appear at any hearing in person, by counsel, or by other representative.
Id. at 414. PERC had permitted Moses to appear before it pursuant to rule 8H-4.13(a).
The supreme court first determined that defending the school board against charges of unfair labor practices constituted the practice of law. It further observed that while the court is constitutionally obliged to protect the public from the unauthorized practice of law, the legislature is also constitutionally authorized to oust the court from such obligation by enacting laws like section 120.62(2), permitting non-lawyers to represent persons before agencies. Id. at 417-18. Section 120.62(2), however, permitted only “qualified representatives” to appear in agency proceedings, whereas PERC’s rule 8H-4.13(a) failed to include standards that would insure that such representatives were “qualified.” Accordingly, the rule was deemed an invalid exercise of delegated legislative authority “for lack of standards consistent with the legislative delegation.” Id. at 418.
Unlike section 120.62(2), which requires lay representatives to be “qualified,” section 447.609 presumes that an officer of an employee organization is qualified as a lay representative; therefore, an officer is not required to also qualify under rule 28-106.106. The administrative history of the rules implementing these statutes supports our interpretation.
The lay representation at issue in Moses occurred in 1975, when rule 8H-4.13 applied, which implemented section 120.62(2). Section 447.609 was thereafter enacted in 1977. In 1980, the supreme court in Moses invalidated rule 8H-4.13 for lack of standards. In 1981, the Administration Commission promulgated Florida Administrative Code 28-5.1055 to implement section 120.62(2). The rule set forth specific criteria for “qualified representatives,” presumably in response to Moses. In 1983, rule 38D-13.07, which addressed appearances before PERC, was amended to add the following provisions implementing section 447.609 and 120.62(2).[2] Fla. Admin. Code 38D-13.07 (1985 Ann. Supp.).
Representation Before the Commission.
(1) Any party shall have the right to appear in person, by counsel, or by other authorized representative in any proceeding before the Commission. Any full-time employee or officer of any public employer or employee organization may represent his employer, his organization, or any member of a bargaining unit, whichever is applicable, in any proceeding before the Commission.
*491 (2) If a party desires to be represented by a person who is not an attorney or authorized to serve as a representative pursuant to subsection (1) above, the party shall so notify the Hearing Officer in writing within ten days after issuance of a notice of hearing. A sworn affidavit of the proposed representative setting forth his or her qualifications to serve in a representative capacity shall be filed at that time. The affidavit shall address the criteria listed in F.A.C. Model Rule 28-5.1055. The Hearing Officer shall make diligent inquiry, if necessary, to assure that the representative is capable of preserving the rights and interests of the party. Any representative found to be qualified pursuant to F.A.C. Model Rule 28-5.1055 shall be bound by the standards of conduct set forth in F.A.C. Model Rule 28-5.1056.
(Emphasis added.) The language placed at the beginning of subsection (2) demonstrates that lay representatives who were employees or officers of a public employer or employee organization were per se authorized representatives, and did not require additional qualification, while any other person who desired to be a representative did have to satisfy the criteria insuring competence in rule 28-5.1055.
In 1996, the legislature enacted section 120.54(5), Florida Statutes (Supp.1996), which required the Administration Commission to adopt uniform rules of procedure to replace the multiple duplicative rules in the administrative code promulgated by the various agencies. In 1997, the Commission promulgated model rule 28-106.106, which sets forth standards of competence for “qualified representatives” in proceedings in which an agency has determined the substantial interests of a party. Thereafter, both rule 38D-13.007 (formerly 38D-13.07)[3] and rule 28-5.1055 were repealed.
Because rule 28-106.106, like rule 28-5.1055 before it, establishes criteria that a “qualified representative” must meet in order to represent a party in administrative proceedings, such criteria do not pertain to a “full-time employee or officer of any public employer or employee organization” under section 447.609.- As former rule 38D-13.007 underscored, non-lawyer representatives before PERC must comply with model rule 28-106.106 only if they are not encompassed by section 447.609. Accordingly, the ALJ below correctly concluded that because Helen Heard is an officer of JET, she does not need to be individually qualified pursuant to section 120.62(2) and rule 28-106.106.
AFFIRMED.
LAWRENCE and BROWNING, JJ., CONCUR.

. This court has jurisdiction. See § 120.68(1), Fla. Stat. (1997); Zarco Supply Co. v. Bonnell, 658 So.2d 151 (Fla. 1st DCA 1995) (denial of motion to disqualify law firm based upon conflict of interest warranted interlocutory review).

. The rules for the Department of Labor and Employment Security were moved from chapter 8 to chapter 38 in 1979.

. See 23 Fla. Admin. Weekly 6520 (Nov. 26, 1997) (rule 38D-13.007, and other rules in chapter 38D, "are addressed by the Uniform Rules of Procedure and are therefore being repealed”).