876 So.2d 4 (2004)
HOSPICE OF PALM BEACH COUNTY, INC., Appellant,
v.
STATE of Florida, AGENCY FOR HEALTH CARE ADMINISTRATION and Vitas Healthcare Corporation of Florida, Inc., Appellees.
Nos. 1D03-1045, 1D03-2468.
District Court of Appeal of Florida, First District.
April 26, 2004.
Rehearing Denied July 1, 2004.
*5 R.L. Caleen, Jr. and W. David Watkins of Watkins & Caleen, P.A., Tallahassee, for Appellant.
Garnett W. Chisenhall, Assistant General Counsel, Tallahassee, for Appellee State of Florida, Agency for Health Care Administration and Geoffrey D. Smith of Blank Meenan & Smith, P.A., Tallahassee, for Appellee Vitas Healthcare Corporation of Florida, Inc.
PER CURIAM.
Appellant, Hospice of Palm Beach County, Inc. (HPBC), challenges a determination by appellee, Agency for Health Care Administration (AHCA), that it lacked standing to initiate formal administrative proceedings relating to the licensure of a competing hospice provider, Vitas Healthcare Corporation of Florida, Inc. (Vitas). For the reasons stated below, we reverse on the issue of standing and remand for further proceedings consistent with this opinion. We affirm without discussion the remaining issues raised on appeal.
The dispute in this case arose from a transaction between Vitas and North Broward Hospital District (NBHD). In 1990, NBHD purchased Hospice of Gold Coast Home Health Services (Gold Coast). Through this change in ownership, NBHD obtained the right to provide hospice services in both Broward and Palm Beach counties under the license previously issued to Gold Coast. In 2001, AHCA allowed NBHD to "split" its license into two separate licensesone allowing hospice operations in Broward County and one allowing operations in Palm Beach County. This splitting of the license allowed NBHD to offer the Palm Beach hospice for sale. Vitas subsequently outbid HPBC and purchased the hospice from NBHD for $1.8 million.
*6 After losing its bid for the hospice, HPBC attempted to demonstrate to AHCA that NBHD had not actually operated a hospice in Palm Beach County and therefore, the sale to Vitas was a sham amounting to a sale of a license prohibited by law. HPBC asserts on appeal, however, that it was not aware of the situation prior to submitting its own bid for the hospice. When AHCA failed to take any action on its complaints, HPBC filed actions in the circuit court for a writ of mandamus and declaratory relief. Neither of these actions were successful.
On December 9, 2002, AHCA approved Vitas' license application. On December 12, 2002, the HPBC filed a Petition for Formal Administrative Hearing with AHCA, HPBC sought to contest AHCA's "preliminary approval of a hospice license and de facto issuance of a Certificate of Need ("CON"), or exemption from CON review, to" Vitas. Generally, the petition alleged that: 1) NBHD circumvented the CON laws and, in effect, sold its license to Vitas; 2) AHCA collaborated with NBHD in the license splitting scheme; 3) the Palm Beach hospice was a sham; 4) a CON review was required because Vitas intended to establish a new hospice in Palm Beach County; and 5) judicial estoppel barred AHCA from denying a hearing. HPBC sought relief in the form of a section 120.57(1) hearing before an ALJ and the entry of a final order denying Vitas' application for licensure. AHCA denied the petition finding that HPBC had "no standing to challenge the issuance of the license at issue."
HPBC appealed the denial of its petition to this court. We relinquished jurisdiction in order to allow AHCA to rule on HPBC's previously filed motion for reconsideration and suggestion for disqualification of AHCA's deputy secretary. AHCA once again denied relief finding that HPBC did not have standing to seek revocation of the license granted to the Palm Beach hospice or its successor, Vitas. AHCA also found that HPBC failed to allege facts sufficient to warrant disqualification of the deputy secretary. HPBC took an appeal of this denial as well and we have consolidated the two cases for review.
We agree that HPBC alleged insufficient facts to warrant the deputy secretary's disqualification. See Bay Bank & Trust Co. v. Lewis, 634 So.2d 672, 678 (Fla. 1st DCA 1994) (finding that "tenuous and speculative" allegations are not sufficient to support disqualification of an agency head). We do not, however, agree that HPBC lacked standing to initiate formal administrative proceedings in this case.
In order for Vitas to operate a hospice in Palm Beach County it must first obtain a license. See § 400.602(1)(a), Fla. Stat. (2002). Such a license is not "subject to sale, assignment, or transfer ... and shall not be valid for any hospice other than the hospice for which originally issued." § 400.602(4), Fla. Stat. (2002). An entity may, however, qualify for a license simply by purchasing an existing licensed hospice through what AHCA refers to as Change of Ownership licensing. See Fla. Admin. Code R. 58A-2.003(2). In all other cases, an entity wishing to establish a hospice must apply for a license after obtaining a certificate of need (CON) or qualifying for an exemption to CON requirement. See §§ 400.606(5), 408.031-045, Fla. Stat. (2002).
Vitas did not obtain a CON or CON exemption prior to its application for licensure. The appellees argue that Vitas did not need to undergo CON review because it had simply purchased an existing hospice which had been "grandfathered" under the CON rules. HPBC contends, however, that because the hospice that Vitas purchased never actually existed, AHCA *7 granted Vitas a "de facto" CON or CON exemption to establish a new hospice.
Based upon the facts before us, we find that AHCA erred in dismissing HPBC's request for a formal administrative hearing. Whether a party has standing to bring an action is a question of law to be reviewed under the de novo standard. Alachua County v. Scharps, 855 So.2d 195, 198 (Fla. 1st DCA 2003). In determining whether HPBC had standing, the allegations contained in its petition must be taken as true. See Maverick Media Group, Inc. v. Dept. of Transp., 791 So.2d 491, 494 n. 2 (Fla. 1st DCA 2001).
Here, HPBC's allegations were sufficient to at least raise a factual question as to whether the issuance of a license resulted from the issuance of a de facto CON. HPBC, a hospice provider in Palm Beach County, has statutory standing to intervene in a competitor's CON proceedings. Section 408.039(5)(c) provides that "[e]xisting health care facilities may initiate or intervene in an administrative hearing upon a showing that an established program will be substantially affected by the issuance of any certificate of need ... to a proposed facility or program within the same district."
We find persuasive HPBC's allegation that after AHCA split NBHD's license, it issued another license to NBHD's Broward County hospice which authorized it to operate in both Broward and Palm Beach counties. Taking this allegation as true, as we must for purposes of our analysis, the end result of such an action is the establishment of a new licensed hospice provider in Palm Beach County in the absence of CON review as required by section 408.036(e), Florida Statutes.
Although AHCA has already issued a preliminary license to Vitas, this will not deprive HPBC of its opportunity to challenge Vitas' entitlement to a CON or CON exemption. We have previously held that an existing health care provider must be provided with clear point of entry into CON proceedings. See Florida Med. Ctr. v. Dep't of Health and Rehab. Servs., 484 So.2d 1292, 1296 (Fla. 1st DCA 1986). Because the granting of a de facto CON offers no such clear point of entry into the administrative process, AHCA cannot deny standing to contest such a CON simply because a license has issued. See Univ. Psychiatric Ctr. v. Dep't of Health and Rehab. Servs., 597 So.2d 400 (Fla. 1st DCA 1992) (finding allegations that the agency granted a de facto CON were sufficient to establish standing); Univ. Cmty. Hosp. v. Dep't of Health and Rehab. Servs., 555 So.2d 922, 922 n. 1 (Fla. 1st DCA 1990) (noting that a competitor may intervene after the agency has determined a CON exemption applies).
Accordingly, we REVERSE and REMAND for further proceedings not inconsistent with this opinion.
BARFIELD, KAHN and HAWKES, JJ., concur.