PER CURIAM.
Petitioner, an applicant for licensure as a professional engineer, sought a writ of mandamus complaining that the Board of Professional Engineers failed to grant or deny his petition for formal hearing within 15 days of receipt as required by section 120.569(2)(a), Florida Statutes (2005). By unpublished order, we granted the petition and directed the Board to rule on the petition for formal hearing within 15 days. See Teachers Educators Ass’n, Inc. v. Duval County Sck. Dist., 763 So.2d 1265 (Fla. 1st DCA 2000).
Because petitioner has obtained the relief sought in his petition for writ of mandamus,’ we grant petitioner’s request for attorney’s fees. The agency’s action in failing to rule on his petition for formal hearing within 15 days as required by section 120.569(2)(a) constituted a gross abuse justifying an award of attorney’s fees to petitioner pursuant to section 120.595(5). In the administrative process, it is fundamental that an aggrieved person receive a formal administrative hearing upon request. Here, that request was timely made and the agency randomly put it on hold; by so doing, the agency exercised its discretion arbitrarily and capriciously in violation of fundamental requirements. The agency’s unexplained delay necessarily involved a discretionary act, which under the circumstances of this case was gross. The agency’s inexplicable delay put petitioner’s request for licensure on hold for four months while the agency postponed ruling on his request for a formal hearing. A citizen’s rights under the Florida Statutes must be taken seriously by the State’s agencies, and handled expeditiously.
BROWNING, C.J., and BARFIELD, J., concur.
VAN NORTWICK, J., concurs in part and dissents in part with written opinion.