STEVENSON, J.
 

 This appeal follows a chapter 120 proceeding wherein the appellants challenged the Florida Department of Environmental Protection’s (DEP) notice of intent to issue a permit to Florida Power & Light (FP & L) for construction and operational testing of an underground injection well system at FP
 
 &
 
 L’s West County Energy Center. Both the administrative law judge (ALJ) and DEP found that the petitioners lacked standing to challenge issuance of the permit. Nonetheless, the ALJ and DEP addressed the merits of the petitioners’ challenges, finding that FP
 
 &
 
 L had provided reasonable assurance that the injected water would be adequately contained and would not impact underground sources of drinking water and that the permit was properly granted. The appellants raise a myriad of arguments challenging DEP’s decision to issue the permit. We affinn the order granting the permit, but find that the ALJ and DEP were incorrect in ruling that the appellants lacked standing to participate in the chapter 120 proceeding and write to address this issue.
 

 Chapter 120 affords a hearing “in all proceedings in which the substantial interests of a party are determined by an agency” and where there is “a disputed issue of material fact.” § 120.569(1), Fla. Stat. (2008). Chapter 120 defines a “party” to include those “whose substantial interests will be affected by proposed agency action, and who makes an appearance as a party.” § 120.52(13)(b), Fla. Stat.;
 
 see also AmeriSteel Corp. v. Clark,
 
 691 So.2d 473, 477 (Fla.1997). Chapter 120’s “substantial interests” test for standing requires the petitioner demonstrate “1) that he will suffer injury in fact which is of sufficient immediacy to entitle him to a section 120.57 hearing, and 2) that his substantial injury is of a type or nature which the proceeding is designed to protect.”
 
 Agrico Chem. Co. v. Dep’t of Envtl. Regulation,
 
 406 So.2d 478, 482 (Fla. 2d DCA 1981). “The first aspect of the test deals with the degree of injury. The second deals with the nature of the injury.”
 
 Id.
 
 Standing is a question of law subject to de novo review.
 
 See, e.g., Mid-Chattahoochee River Users v. Fla. Dep’t of Envtl. Prot.,
 
 948 So.2d 794, 796 (Fla. 1st DCA 2006),
 
 review denied,
 
 966 So.2d 967 (Fla.2007).
 

 The West County Energy Center (WCEC) site is about 1000 feet from the Arthur R. Marshall Loxahatchee National Wildlife Refuge (“Wildlife Refuge”). In simple terms, the petitioners alleged that they had standing because they utilized the Wildlife Refuge for nature activities, i.e., hiking and wildlife viewing, and FP
 
 &
 
 L had failed to establish that the water being put into the injection wells would not vertically or laterally migrate and impact the water in the Wildlife Refuge. Petitioner Larson also relied upon the fact that her home was 2.5 miles from the WCEC plant and she obtained her potable water from a well on the property. The ALJ found that, to the extent the petitioners’ standing was predicated upon their use of the Wildlife Refuge, they had failed to demonstrate standing because (1) even if the Middle Floridan Confining Unit failed to contain the injected wastewater, the
 
 *1078
 
 impact would be to the Upper Floridan Aquifer, which is still hundreds of feet below the surface and (2) even if there were upward migration to the Upper Floridan Aquifer and the surficial aquifer, the quality of the water in the Wildlife Refuge would “likely” remain unaffected given the “extensive period of time involved.” As to petitioner Larson’s standing based upon her nearby residence, the ALJ found that while her pleadings adequately alleged the injury-in-fact prong of chapter 120 standing, she ultimately failed to prove she would suffer any impact and thus failed to prove standing. DEP affirmed these findings regarding standing.
 

 The ALJ’s standing analysis essentially boils down to a finding that the petitioners lacked standing because the petitioners failed to prevail on the merits,
 
 i.e.,
 
 they had failed to establish that the injected wastewater would migrate and impact water quality. This analysis “confuse[s] standing and the merits such that a party would always be required to prevail on the merits to have had standing,”
 
 see Reily Enters., LLC v. Fla. Dep’t of Envtl. Prot.,
 
 990 So.2d 1248, 1251 (Fla. 4th DCA 2008), and is illustrative of the problems that may arise when the issue of standing is tried with the merits. Standing is “a forward-looking concept” and “cannot ‘disappear’ based on the ultimate outcome of the proceeding.”
 
 Peace River/Manasota, Reg’l Water Supply Auth. v. IMG Phosphates Co.,
 
 34 Fla. L. Weekly D348, D349, - So.3d -, - (Fla. 2d DCA 2009) (citing
 
 Hamilton County Bd. of County Comm’rs v. State, Dep’t of Envtl. Regulation,
 
 587 So.2d 1378 (Fla. 1st DCA 1991)). When standing is challenged during an administrative hearing, the petitioner must offer proof of the elements of standing, and it is sufficient that the petitioner demonstrate by such proof that his substantial interests
 
 “could
 
 reasonably be affected by ... [the] proposed activities.”
 
 Id.
 
 at -, at D350. Based on the evidence offered during the hearing, petitioners clearly presented evidence — albeit evidence that was ultimately found not sufficient to carry the day on the merits — that they reasonably
 
 could be
 
 affected by the proposed activities.
 

 Affirmed.
 

 POLEN and DAMOORGIAN, JJ., concur.