WETHERELL, J.
Appellant, Ft. Myers Real Estate Holdings, LLC, seeks review of the final order dismissing its amended petition for administrative hearing challenging the denial of its amended application for a quarter horse racing permit. Appellant contends that in dismissing the amended petition, the Division of Pari-Mutuel Wagering (Division) erred in concluding that Appellant lacked standing to challenge the denial of its permit application. We agree and, therefore, reverse the order on appeal and remand with directions that the Division refer the amended petition to the Division of Administrative Hearings (DOAH) for a hearing pursuant to section 120.57(1), Florida Statutes.
In August 2009, Appellant filed an amended application for a quarter horse racing permit in Miami-Dade County.[1] In January 2010, the Division gave notice of its intent to deny the amended application. The grounds for denial were that, contrary to the requirements of section 550.334(1), Florida Statutes (2009), the amended application 1) failed to demonstrate that the location of Appellant’s proposed facility was available for use for quarter horse racing, and 2) failed to provide reasonable supporting evidence that substantial construction of the facility would begin within one year after issuance of the permit. On the latter point, the denial letter indicated that Appellant did not own the land on which the facility was to be located and that the land purchase agreement included contingencies related to the implementation of Senate Bill 788[2] that may never occur.
As required by section 120.60(3), the denial letter informed Appellant of its right to request an administrative hearing on the permit denial. The letter explained that Appellant would be granted an “informal hearing” pursuant to section 120.57(2) if its petition for hearing did not dispute the facts upon which the denial was based. The letter further explained that “if you [Appellant] do dispute the material facts in the letter of permit denial and desire a hearing involving disputed issues of material fact (formal administrative hearing) under Section 120.57(1), Florida Statutes, before the Division of Administrative Hearings (DOAH), you [Appellant] must file a petition for administrative hearing in compliance with Rule 28-106.201(2), Florida Administrative Code.”
Appellant timely filed a petition for formal administrative hearing challenging the denial of its amended permit application. The petition alleged that the amended application met all of the requirements in section 550.334(1) and that the Division improperly relied on unadopted rules in denying the application. The Division entered an order dismissing the petition *1161 without prejudice because the petition “fail[ed] to establish any genuine disputed issue of material fact so as to entitle [Appellant] to a formal § 120.57(1) administrative hearing.”[3] The order gave Appellant 21 days to file an amended petition.
Appellant timely filed an amended petition for formal administrative hearing. The amended petition explained that “[Appellant’s substantial interests are affected by the [denial letter] because [Appellant] will not receive the requested permit if the [denial letter] becomes final.” The amended petition alleged that the amended permit application met all of the requirements in section 550.334(1), including the requirement that reasonable supporting documentation be provided to demonstrate that construction of the proposed facility will commence within one year of the issuance of the permit. The amended petition further alleged that, although the land on which the facility is proposed is not currently zoned for quarter horse racing, Appellant had provided a letter from its land use attorney stating that appropriate zoning can be obtained within seven months of the issuance of the permit. The amended petition alleged that similar documentation had been accepted by the Division from other permit applicants, and like the original petition, the amended petition challenged several unadopted rules allegedly relied on by the Division to deny Appellant’s amended permit application.
On March 25, 2010, the Division entered an order dismissing the amended petition with prejudice. The dismissal order recognized that Appellant is “injured by the denial of its quarter horse application,” but nevertheless concluded that Appellant “has no injury that can be redressed in this administrative proceeding.” The dismissal order reasoned that because of the contingencies in the land purchase agreement, it was “highly speculative” that Appellant would ever acquire the land it proposed for the race track and, thus, Appellant’s claims of injury were “illusory” and “laek[ed] the sufficient immediacy and reality” required to give Appellant standing to challenge the denial of its permit application in an administrative hearing. Appellant timely appealed the dismissal order to this court.
“Whether a party has standing to bring an action is a question of law that is to be reviewed de novo.” Mid-Chattahoochee River Users v. Fla. Dep’t of Envtl. Prot., 948 So.2d 794, 796 (Fla. 1st DCA 2006). The standing issue in this case involves the application of general principles of administrative law over which the Division has no special expertise and, therefore, we are not required to give any deference to the legal analysis in the dismissal order. See Doyle v. Dep’t of Bus. Regulation, 794 So.2d 686, 690 (Fla. 1st DCA 2001) (recognizing that a court need not defer to an agency’s construction or application of a statute if special agency expertise is not required).
Appellant argues, and we agree, that the dismissal order is contrary to the basic, settled principle of administrative law that a person whose substantial interests are determined by an agency is entitled to some kind of hearing — either formal or informal — to challenge the agency’s decision once the agency’s “free form” process is complete. The Division has not cited, nor could we locate, any case that remotely supports the proposition in the dismissal order that a permit applicant can be denied an administrative hearing to challenge the denial of its permit applica *1162 tion on the basis of a lack of standing. Accordingly, we find the dismissal order to be meritless.[4]
It is self-evident that the permit applicant has standing to challenge the denial of its own application. The applicant is a “party” to the permitting proceeding by operation of law because it is the specifically named person whose substantial interests are being determined by the agency’s denial of the permit. See § 120.52(13)(a), Fla. Stat. Accordingly, the permit applicant need not establish its standing under the “Agrico test,”[5] which requires the type of non-speculative injury-in-fact that the Division found lacking in Appellant’s amended petition. See W. Frank Wells Nursing Home v. Agency for Health Care Admin., 27 So.3d 73, 74 (Fla. 1st DCA 2009) (explaining that the Agrico test applies only to third parties seeking to challenge the intended issuance of a permit); Maverick Media Group, Inc. v. Dep’t of Tramp., 791 So.2d 491, 492 (Fla. 1st DCA 2001) (same).
Where, as here, the permit applicant disputes the factual grounds on which the agency denied its application, the applicant is entitled to a hearing at DOAH under section 120.57(1). See § 120.569(1), Fla. Stat.; Village Saloon, Inc. v. Div. of Alcoholic Bev. & Tobacco, 463 So.2d 278, 285 (Fla. 1st DCA 1984) (observing that “a party has the absolute right to a formal hearing under section 120.57(1) when material facts are in dispute”). The issue for the hearing in this case, as framed by the denial letter and the amended petition, is whether Appellant meets the statutory requirements for issuance of a quarter horse racing permit, namely the requirements that the proposed location be available for use for quarter horse racing and that substantial construction of the facility will commence within one year of the issuance of the permit. Although the Division may ultimately be correct that zoning issues with the property and/or the contingencies in the purchase contract warrant the denial of Appellant’s permit application, these are matters to be determined based upon the facts developed at an administrative hearing, not through the dismissal of the Appellant’s amended petition on standing grounds. See Palm Beach County Envtl. Coal. v. Fla. Dep’t of Envtl. Prot., 14 So.3d 1076,1078 (Fla. 4th DCA 2009) (explaining that the question of whether a party has standing is different from the question of whether the party will be able to prove its case); St. Francis Parkside Lodge of Tampa Bay v. Dep’t of Health & Rehab. Sens., 486 So.2d 32, 34 (Fla. 1st DCA 1986) (explaining that, at the dismissal stage, the factual allegations in the petition must be accepted as true).
Finally, we have not overlooked the Division’s argument that this case is moot based on the recent changes in the law *1163 regarding quarter horse racing. See Ch. 2010-29, § 5, at 295, Laws of Fla. (making applications for quarter horse permits subject to section 550.054(2), which provides that an application may not be considered, or a permit issued, to conduct races at a location within 100 miles of an existing pari-mutuel facility). The Division contends that there are existing pari-mutuel facilities within 100 miles of the proposed location of Appellant’s facility, which would require the denial of the application based upon current law. Although Appellant does not dispute the proximity of the existing facilities, the record on appeal is inadequate to address this issue appropriately in light of Appellant’s contention that there are circumstances that would preclude the Division from applying the statutory changes to Appellant’s permit application in this case. See generally Lavemia v. Dep’t of Prof'l Regulation, 616 So.2d 58 (Fla. 1st DCA 1993) (explaining that the general rule is that “a change in the licen-sure statute that occurs during the pen-dency of an application for licensure is operative as to the application,” but recognizing that there are exceptions to this rule, such as the agency’s unreasonable delay in processing the application). The parties will have an opportunity to develop a record on all of these issues at the administrative hearing on remand.
Based upon the foregoing, the order on appeal is reversed, and this case is remanded to the Division with directions that it refer the amended petition to DOAH for a hearing pursuant to section 120.57(1).
REVERSED and REMANDED with directions.
WEBSTER and ROWE, JJ., concur.

. The original application, filed in January 2009, sought a permit for a quarter horse racing facility in Lee County. In April 2009, Appellant requested that the Division suspend its processing of the application while Appellant considered an amendment to the application to change the location of the proposed facility.

. This bill, which became Chapter 2009-170, Laws of Florida, specified terms and conditions for a gaming compact between the state and the Seminole Tribe of Florida. See Ch. 2009-170, §§ 1-3, Laws of Fla. The bill also amended certain provisions relating to quarter horse racing, see id. at §§ 4, 14-15, 20; but, those amendments were contingent upon a compact being executed, ratified by the Legislature, and not voided by the U.S. Department of Interior. Id. at § 26.

. The order also stated that Appellant "does not dispute the basis for denial” even though the petition specifically stated that "[Appellant] disputes the factual grounds for disapproval identified in the [denial letter].”

. The position taken by the Division in the dismissal order, and maintained in this appeal, is so contrary to the fundamental principles of administrative law that, by separate order, we have granted Appellant’s motion for attorney's fees under section 120.595(5), Florida Statutes. Accord Salam v. Bd. of Profl Eng’rs, 946 So.2d 48 (Fla. 1st DCA 2006) (awarding attorney’s fees when agency delayed ruling on a petition for formal hearing); Residential Plaza at Blue Lagoon, Inc. v. Agency for Health Care Admin., 891 So.2d 604 (Fla. 1st DCA 2005) (awarding attorney's fees because agency's dismissal of petition for hearing and denial of license was unjustified).

. "[BJefore one can be considered to have a substantial interest in the outcome of the proceeding he must show 1) that he will suffer injury in fact which is of sufficient immediacy to entitle him to a section 120.57 hearing, and 2) that his substantial injury is of a type or nature which the proceeding is designed to protect.” Agrico Chemical Co. v. Dep’t of Envtl. Reg., 406 So.2d 478, 482 (Fla. 2d DCA 1981).