THOMAS, J.
South Broward Hospital District d/b/a Memorial Healthcare System (Appellant) seeks review of a final order entered by the Secretary of the Agency for Health Care Administration (AHCA) dismissing Appellant’s request for a formal administrative hearing pursuant to sections 120.569 and 120.57(1), Florida Statutes. We agree with Appellant and conclude that it has met the requirements for third-party standing under Agrico Chemical Co. v. Department of Environmental Regulation, 406 So.2d 478, 479 (Fla. 2d DCA 1981). Accordingly, we reverse and remand for an administrative hearing pursuant to section 120.57, Florida Statutes.
The dispute underlying this appeal stems from section 409.915, Florida Statutes (2012). Section 409.915 addresses county contributions to Medicaid, noting that “[although the state is responsible for *680 the full portion of the state share of the matching funds required for the Medicaid program, in order to acquire a certain portion of these funds, the state shall charge the counties for certain items of care and service as provided in this section.” The statute provides that “[e]ach county shall contribute its pro rata share of the total county participation based upon statements rendered by [AHCA].” § 409.915(4), Fla. Stat. The statute, recognizing that disputes would likely arise between the counties and AHCA over alleged errors in the statements, also provides that “[a] county may use the process developed under subsection (10) to request a refund if it determines that the statement rendered by [AHCA] contains errors.” Id. Under subsection (10), the Legislature provided that AHCA, in consultation with the Department of Revenue and the Florida Association of Counties, had to develop a refund process which “[a]llows counties to submit to the agency written requests for refunds ...” and requires AHCA to make a determination as to whether a refund request is appropriate. § 409.915(10), Fla. Stat. The statute grants AHCA the ability to adopt rules to administer it. § 409.915(12), Fla. Stat.
As well as addressing counties’ contributions to Medicaid and the refund process, section 409.915(5) also allows a county, in which a special taxing district or authority is located, to “divide the county’s financial responsibility for this purpose proportionately” and requires each district or authority to furnish its share of the county’s contribution in time for the county to comply with section 409.915(3).
Pursuant to section 409.915(12), AHCA adopted rules to administer the statute. In particular, AHCA adopted rule 59G-1.025 of the Florida Administrative Code, which allows counties to submit either advanced refund requests or back-end refund requests (BERR). If AHCA denies any portion of a county’s BERR, it provides the county with a notice of administrative rights under sections 120.569, 120.57, and 120.573, Florida Statutes.
Utilizing the refund process under rule 59G-1.025, Broward County filed a BERR for a Medicaid contribution invoice that included sums that Appellant was obligated to pay as part of its share as a special taxing district.
AHCA sent a Final Determination Notice regarding this BERR, granting in part and denying part. Broward County did not seek review of AHCA’s determination; however, Appellant filed a request for a formal administrative hearing pursuant to sections 120.569 and 120.57(1), Florida Statutes, asserting that it was affected by AHCA’s determination because it had been charged $149,943.24 of the $478,228.73 that AHCA declined to refund the county. The Secretary of AHCA entered an order dismissing Appellant’s request for a formal administrative hearing, concluding that Appellant lacked standing because its substantial interests had not been affected by AHCA’s determination because the monies were owed by Broward County, not Appellant, and Broward County merely decided to exercise its discretion afforded under section 409.915(5) to request that Appellant pay Broward County a share of the monies owed by the county to AHCA. The order concluded that it was not AHCA’s determination that resulted in the injury to Appellant, but Broward County’s decision to seek a share of the monies owed to AHCA. AHCA concluded that the statute was designed to protect the counties so that they were not incorrectly billed by AHCA, and it was not designed to protect Appellant.
“Whether a party has standing to bring an action is a question of law that is to be reviewed de novo.” Mid-Chattahoo *681 chee River Users v. Fla. Dep’t of Envtl. Prot, 948 So.2d 794, 796 (Fla. 1st DCA 2006) (citing Hospice of Palm Beach County, Inc. v. State, Agency for Health Care Admin., 876 So.2d 4, 7 (Fla. 1st DCA 2004)). For purposes of this appeal, we must accept the allegations in Appellant’s petition as true. Id. We, however, find that we are not required to give any deference to AHCA’s legal analysis in the order on appeal, as the standing issue involves the application of general principles of administrative law, over which AHCA has no special expertise. See Ft. Myers Real Estate Holdings, LLC v. Dep’t of Bus. & Prof'l Regulation, Div. of Pari-Mutuel Wagering, 53 So.3d 1158, 1160 (Fla. 1st DCA 2011) (citing Doyle v. Dep’t of Bus. Regulation, 794 So.2d 686, 690 (Fla. 1st DCA 2001)).
On appeal, Appellant does not assert that it has standing to challenge AHCA’s decision as a named party, but asserts that AHCA erred in concluding that it had not met the requirements under the Agrico standing test. This court has held that the Agrico test only applies to third parties. See Maverick Media Group, Inc. v. State, Dep’t of Transp., 791 So.2d 491, 491 (Fla. 1st DCA 2001).
In Agrico, the appellant’s competitors sought to intervene in its petition for a construction permit, arguing that their economic interests would be affected. 406 So.2d at 479. The department granted the competitors’ standing to intervene based upon the hearing officer’s recommended order. Id. at 480-81. The Second District reversed and found that, pursuant to section 120.52(10)(b), Florida Statutes, the competitors only had standing to intervene if they could establish that they had a substantial interest in the outcome of the proceedings by showing that: (1) they would “suffer injury in fact which is of sufficient immediacy to entitle [them] to a section 120.57 hearing, and 2) that [their] substantial injury is of a type or nature which the proceeding is designed to protect.” Id. at 482. “The first aspect of the test deals with the degree of injury. The second deals with the nature of the injury.” Id.
This court has held that the reason for requiring a party to have standing to participate in either a judicial or administrative hearing is “to ensure that a party has a ‘sufficient interest in the outcome of the litigation which warrants the court’s entertaining it’ and to assure that a party has a personal stake in the outcome so he will adequately represent the interest he asserts.” Gregory v. Indian River Cnty., 610 So.2d 547, 554 (Fla. 1st DCA 1992) (quoting Gen. Dev. Corp. v. Kirk, 251 So.2d 284, 286 (Fla. 2d DCA 1971)).
Under the first prong of Agrico, the injury-in-fact standard is met by a showing that the petitioner has sustained actual or immediate threatened injury at the time the petition was filed, and “[t]he injury or threat of injury must be both real and immediate, not conjectural or hypothetical.” See Village Park Mobile Home Ass’n v. State, Dep’t of Bus. Regulation, 506 So.2d 426, 433 (Fla. 1st DCA 1987) (concluding that appellants’ “speculative concerns” did not demonstrate any immediate injury-in-fact, the feared results of an inaccurate, unfair prospectus had not happened, and a remedy other than the prospectus approval process existed if the feared results occurred). Under the second prong, Appellant must establish that its injury is the type of injury that the proceeding is designed to protect. Agrico, 406 So.2d at 482. “With respect to the second prong, this factor usually requires that ‘the injury is of the type that the statute pursuant to which the agency has acted is designed to protect.’ ” Menorah Manor, Inc. v. Agency for Health Care *682 Admin., 908 So.2d 1100, 1104 (Fla. 1st DCA 2005) (quoting Fairbanks, Inc. v. State, Dep’t of Transp., 635 So.2d 58, 59 (Fla. 1st DCA 1994)).
Here, we find that Appellant has established a substantial interest and has met both prongs of the Agrico test. Under the first prong, Appellant has established a real and immediate injury, as Appellant’s petition for an administrative hearing alleges that it will not receive a refund of almost $150,000 as a result of AHCA’s decision to deny Broward County’s refund request. Appellant has also established that the injury, i.e., being required to contribute funds that Appellant alleges AHCA erroneously charged to the county, is the type that section 409.915 was designed to protect.
Accordingly, we reverse AHCA’s final order dismissing Appellant’s request for a formal administrative hearing for lack of standing, and remand with directions that AHCA refer the request to the Division of Administrative Hearings for a formal hearing.
REVERSED and REMANDED.
LEWIS, C.J., and OSTERHAUS, J., concur.