IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED


MADISON HIGHLANDS, LLC AND
AMERICAN RESIDENTIAL DEVELOPMENT, LLC,

      Appellants,

 v.                            Case No.  5D16-1035

FLORIDA HOUSING FINANCE CORPORATION,
SP GARDENS, LLC, WEST RIVER PHASE 2, LP
AND WEST RIVER 1A, LP,

      Appellees.

_____/

Opinion filed February 24, 2017

Administrative Appeal from the Florida
Housing Finance Corporation.

Kenneth B. Bell, of Gunster, Yoakley &
Stewart, P.A., Tallahassee, James W.
Middleton, of James W. Middleton, PLLC,
Jacksonville Beach, Michael G. Maida, of
Michael G. Maida, P.A., Tallahassee, J.
Timothy Schulte and Sarah Lindquist Pape,
of Zimmerman, Kiser, & Sutcliffe, P.A.,
Orlando, William S. Bilenky and Douglas P.
Manson, of Manson Bolves Donaldson
Varn, P.A., Tampa, for Appellants.

Chris McGuire, Tallahassee, for Appellee,
Florida Housing Finance Corporation.

Stacy D. Blank, of Holland & Knight LLP,
Tampa, and Lawrence E. Sellers, Jr., of
Holland & Knight LLP, Tallahassee, for
Appellee, SP Gardens, LLC

Michael P. Donaldson, of Carlton, Fields Jordan Burt, P.A., Tallahassee, for Appellee, West River 1A. LP and West River Phase 2, LP.

ORFINGER, J.

Madison Highlands, LLC and American Residential Development, LLC (collectively "Madison Highlands") appeal a final order of the Florida Housing Finance Corporation ("FHFC") dismissing its first and second amended petitions for a formal administrative proceeding pursuant to sections 120.569 and 120.57, Florida Statutes (2016).  We conclude that the doctrine of equitable tolling allows for the consideration of Madison Highlands's second amended petition, which was legally sufficient and demonstrated standing under Agrico Chemical Co. v. Department of Environmental Regulation, 406 So. 2d 478, 479 (Fla. 2d DCA 1981).  Accordingly, we reverse the final order and remand for an administrative hearing pursuant to section 120.57, Florida Statutes (2016).

The FHFC is the state agency designated to allocate and distribute low-income housing tax credits that the United States Treasury annually makes available to the states for various programs, including the State Housing Tax Credit Program (the "Program"). See § 420.5099, Fla. Stat. (2016).  Because the demand for housing credit funding exceeds available allocations under the Program, qualified affordable housing developers must compete for the funding.  The competitive process is initiated when the FHFC issues a Request for Applications ("RFA"), and interested developers respond by submitting applications.  Madison Highlands participates in the Program and competes for this funding.

The FHFC issued RFA 2015-107 for an award of tax credits for the development of affordable housing projects in several counties, including Hillsborough County, where only one development would be funded. Madison Highlands and others submitted applications, and in time, the FHFC posted a notice identifying SP Gardens, LLC ("Laburnum Gardens") as the applicant to which it intended to award the tax credits for the Hillsborough County development. Madison Highlands timely filed a written protest to the notice and petitioned for an administrative hearing.[1]

The FHFC issued an Order Dismissing the Petition with Leave to Amend, finding that Madison Highlands's first amended petition did not comply with Florida Administrative Code Rule 28-106.201(2)(e)-(f) as it did not include:

> (e) A concise statement of the ultimate facts alleged, including the specific facts the petitioner contends warrant reversal or modification of the agency's proposed action; [and]

> (f) A statement of the specific rules or statutes the petitioner contends require reversal or modification of the agency's proposed action, including an explanation of how the alleged facts relate to the specific rules or statutes . . . .

The Order Dismissing the Petition with Leave to Amend gave Madison Highlands until March 4, 2016, to file an amended petition and stated that the "[f]ailure of [Madison Highlands] to file an amended petition within this time shall be considered a waiver of its rights to file any administrative challenge in this matter."

At 5:36 p.m. on March 4, 2016, Madison Highlands filed its second amended petition by electronic mail, again protesting the notice and petitioning for an administrative

---

[1] Four applicants, including Laburnum Gardens, scored equally in the FHFC's evaluation matrix. Consequently, Laburnum Gardens was selected by lot. Madison Highlands's application had a lower score, and was the next ranked applicant.

hearing. The FHFC subsequently entered a Final Order that dismissed the second amended petition with prejudice, concluding that the second amended petition was untimely filed thirty-six minutes late and Madison Highlands had not demonstrated that the doctrine of equitable tolling applied. The FHFC further determined that even if timely, the second amended petition failed to establish that Madison Highlands had standing to protest the preliminary award because it did not contain adequate allegations against all of the four higher-ranked applicants that, if proven, would result in Madison Highlands being ranked highest. Madison Highlands challenges these determinations.

We review an agency's conclusions of law de novo. Parlato v. Secret Oaks Owners Ass'n, 793 So. 2d 1158, 1162 (Fla. 1st DCA 2001). We agree with the FHFC that the second amended petition was untimely. Section 120.54(5), Florida Statutes (2016), requires the Administration Commission to adopt uniform rules of procedure to replace the multiple rules in the administrative code promulgated by the various agencies. See Fla. Pub. Emps. Council 79, AFSCME, AFL-CIO v. Jacksonville Emps. Together, 738 So. 2d 489, 491 (Fla. 1st DCA 1999). The Uniform Rules provide, in relevant part, that "[a]ny document received by the office of the agency clerk before 5:00 p.m. shall be filed as of that day but any document received after 5:00 p.m. shall be filed as of 8:00 a.m. on the next regular business day." Fla. Admin. Code R. 28-106.104(3). However, the FHFC has published its own rule, Florida Administrative Code Rule 67-52.002(3), which specifies that when a petition is sent to its clerk by electronic mail, it "shall be accepted on the date transmitted." Such a rule cannot serve as an exception to the Uniform Rules because the Administration Commission has not approved it as an exception to the time deadline set forth in rule 28-106.104(3). § 120.54(5)(a), Fla. Stat.

4

(2016) (providing that Uniform Rules apply unless Administration Commission specifically grants exception to agency); see Dep't of Corr. v. Saulter, 742 So. 2d 368, 369-70 (Fla. 1st DCA 1999) (characterizing effect of section 120.54(5)(a) as "legislative repeal" of agency procedural rules in conflict with Uniform Rules). Thus, the second amended petition was untimely under rule 28-106.104(3). Nevertheless, Madison Highlands is entitled to the relief afforded by the equitable tolling doctrine.

Section 120.569(2)(c), Florida Statutes (2016), requires agencies to dismiss untimely petitions, but further provides that this direction "does not eliminate the availability of equitable tolling as a defense to the untimely filing of a petition." A late request for an administrative hearing is not a jurisdictional defect. Machules v. Dep't of Admin., 523 So. 2d 1132, 1134 (Fla. 1988); Pro Tech Monitoring, Inc. v. State, Dep't of Corr., 72 So. 3d 277, 280 (Fla. 1st DCA 2011); see Williams v. Dep't of Corr., 156 So. 3d 563, 565 (Fla. 5th DCA 2015) ("The doctrine of equitable tolling can be applied to extend an administrative filing deadline.").

Under the doctrine of equitable tolling, a late-filed petition should be accepted when a party "has been misled or lulled into inaction, has in some extraordinary way been prevented from asserting his rights, or has timely asserted his rights mistakenly in the wrong forum," provided that the opposing party will suffer no prejudice. Machules, 523 So. 2d at 1134. Madison Highlands asserts that it was misled or lulled into not timely filing the second amended petition by the terms of the Order Dismissing the Petition with Leave to Amend, which only stated that the second amended petition was due on March 4, 2016. Madison Highlands also submits that FHFC rule 67-52.002(3), published both in the Florida Administrative Register and on the FHFC website, provides that the second

5

amended petition, delivered by electronic mail, would be deemed filed the date it was transmitted, in this case, March 4, 2016. Madison Highlands claims it was not informed that FHFC rule 67-52.002(3) was not an approved exception to the Uniform Rules and neither the FHFC website nor the Order Dismissing the Petition with Leave to Amend cited to rule 28-106.104(3) or referenced the time cutoff provisions found in the Uniform Rules. Although FHFC had, on other occasions, included specific submittal times in certain situations, it did not do so here.

Madison Highlands does not assert that it requested this information from FHFC or had any discussion with the FHFC concerning the applicability of the Uniform Rules. Indeed, Madison Highlands was aware that the Uniform Rules would apply to petitions filed with the FHFC since it referenced the Uniform Rules numerous times in its second amended petition, and never referenced chapter 67-52. Notwithstanding, we conclude that the FHFC affirmatively "lulled or misled" Madison Highlands into relying on rule 67-52.002. Madison Highlands's mistake was based on the FHFC's act of publishing FHFC Rule 67-52.002(3) on its website without also publishing or referencing Uniform Rule 28-106.104(3), but then applying the 5:00 p.m. time deadline from the Uniform Rules to Madison Highlands's petition.

Equitable tolling does not require active deception or agency misconduct, but focuses rather on the applicant with a reasonably prudent regard for his rights. See, e.g., Machules, 523 So. 2d at 1134; see also Pro Tech Monitoring, Inc., 72 So. 3d 277 (applying equitable tolling to disappointed bidder's late filed formal bid protest petition where bidder alleged that petition was timely delivered to department's security guard, who prevented bidder from delivering petition directly to clerk's office and instead

accepted petition, stamped it with department-issued time and date stamp, and affirmatively led bidder to believe that no further action was required). In addition, no prejudice was shown because the opposing parties were on notice that Madison Highlands intended to file the second amended petition. See Machules, 523 So. 2d at 1137 (finding that opposing party was not prejudiced by petition that was filed one day late when opposing party "obviously was on notice that petitioner intended to appeal").

We also agree with Madison Highlands that the FHFC erred in ruling that it had not shown standing under the Agrico test. "Whether a party has standing to bring an action is a question of law that is to be reviewed de novo." Mid-Chattahoochee River Users v. Fla. Dep't of Envtl. Prot., 948 So. 2d 794, 796 (Fla. 1st DCA 2006) (citing Hospice of Palm Beach Cty., Inc. v. State, Ag. for Health Care Admin., 876 So. 2d 4, 7 (Fla. 1st DCA 2004)). An administrative agency's action may be set aside if "[t]he agency has erroneously interpreted a provision of law and a correct interpretation compels a particular action . . . ." § 120.68(7)(d), Fla. Stat. (2016). Moreover, the standing issue in this case involves the application of general principles of administrative law. Therefore, we need not give any deference to the legal analysis in the final order on this issue. S. Broward Hosp. Distr. v. State, Ag. for Health Care Admin., 141 So. 3d 678, 681 (Fla. 1st DCA 2014); see Ft. Myers Real Estate Holdings, LLC v. Dep't of Bus. & Prof'l Reg., Div. of Pari–Mutuel Wagering, 53 So. 3d 1158, 1160 (Fla. 1st DCA 2011); Doyle v. Dep't of Bus. Reg., 794 So. 2d 686, 690 (Fla. 1st DCA 2001).

The Agrico decision provides a two-prong test to determine when a challenger to agency action meets the "substantial interest" element found in section 120.52(13)(b), Florida Statutes (2016). The Agrico test requires the challenger to demonstrate "1) that

he will suffer injury in fact which is of sufficient immediacy to entitle him to a section 120.57 hearing, and 2) that his substantial injury is of a type or nature which the proceeding is designed to protect." Agrico, 406 So. 2d at 482. "The first aspect of the test deals with the degree of injury. The second deals with the nature of the injury." Id. Under the first prong of Agrico, the injury must be actual or immediate, and not based on a hypothetical scenario. See S. Broward Hosp. Dist., 141 So. 3d at 681-82; Vill. Park Mobile Home Ass'n v. State, Dep't of Bus. Reg., 506 So. 2d 426, 433 (Fla. 1st DCA 1987). "With respect to the second prong, this factor usually requires that 'the injury is of the type that the statute pursuant to which the agency has acted is designed to protect.'" Menorah Manor, Inc. v. Ag. for Health Care Admin., 908 So. 2d 1100, 1104 (Fla. 1st DCA 2005) (quoting Fairbanks, Inc. v. State, Dep't of Transp., 635 So. 2d 58, 59 (Fla. 1st DCA 1994)).

To have standing to challenge the proposed award of a public contract, an applicant must have a substantial interest to be determined in the case. Preston Carroll Co. v. Fla. Keys Aqueduct Auth., 400 So. 2d 524, 525 (Fla. 3d DCA 1981); see § 120.57(3)(b), Fla. Stat. (2016). The second lowest bid establishes that substantial interest because if the lowest bid is disqualified, the second lowest bid may receive the award. See Preston Carroll Co., 400 So. 2d at 525 (holding that unsuccessful bidder did not establish substantial interest entitling it to challenge highest bidder where testimony showed it was not second lowest bidder and would not receive award even if challenge was successful). An applicant who submits the fifth lowest bid does not have a substantial interest, unless the applicant can establish that the four higher-ranked applications must all be rejected or re-evaluated, resulting in the protesting filer being ranked highest. See Preston Carroll Co., 400 So. 2d at 525; Louis Berger Grp., Inc. v. Fla. Div. of Emerg.

8

Mgmt., Case No. 15-2537 BID (Fla. DOAH June 10, 2015; Fla. FDEM July 10, 2015) (relying on Preston Carroll Co. in explaining that unsuccessful bidder was required to demonstrate that all seven bidders ahead of it would be disqualified in order to demonstrate standing); see also Brasfield & Gorrie Gen. Contractor, Inc. v. Ajax Constr. Co. of Tallahassee, 627 So. 2d 1200, 1203 n.1 (Fla. 1st DCA 1993) (noting that unsuccessful bidder finished seventh out of seven bids made, which "hardly lends credence" to unsuccessful bidder's argument that it had interest substantial enough to establish standing).

We find that Madison Highlands has alleged a substantial interest and has met both prongs of the Agrico test. Under the first prong, Madison Highlands has established a real and immediate injury, as its second amended petition alleges that the applications of the four higher-ranked applicants had deficiencies and that if the FHFC had properly scored or considered the higher-ranked applicants, it would have been awarded the housing tax credits for the Hillsborough County development. Madison Highlands has also established that the injury, i.e., being denied the allocation of the housing tax credits, is the type that the proceedings were designed to protect.

In considering the dismissal of a petition for a hearing under section 120.57, Florida Statutes, an agency must "accept as true the factual allegations of the petitions and may not consider any factual matters outside the amended petitions." St. Francis Parkside Lodge of Tampa Bay v. Dep't of Health & Rehab. Servs., 486 So. 2d 32, 34 (Fla. 1st DCA 1986). The question of whether the petitioner may ultimately be able to prove the allegations in its petition is a question to be determined at the administrative hearing, not at the pleading stage on an order of dismissal by the agency. Ft. Myers Real Estate

9

Holdings, LLC, 53 So. 3d at 1162; see Palm Beach Cty. Envtl. Coal. v. Fla. Dep't of Envtl. Prot., 14 So. 3d 1076, 1078 (Fla. 4th DCA 2009) (explaining that question of whether party has standing is different from question of whether party will be able to prove its case).  Madison Highlands's second amended petition set forth sufficient allegations, which, taken as true, substantially complied with rule 28-106.201(e) and (f).  We reverse and remand for an administrative hearing.

REVERSED AND REMANDED.

TORPY, J., and THOMPSON, E.R., Senior Judge, concur.