IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

FLORIDA PULP AND PAPER
ASSOCIATION
ENVIRONMENTAL AFFAIRS,
INC.,

        Appellant,

v.

DEPARTMENT OF
ENVIRONMENTAL
PROTECTION AND FLORIDA
ENVIRONMENTAL
REGULATION COMMISSION,

        Appellees.

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D16-4610

_____/

Opinion filed July 11, 2017.

An appeal from an order of the Division of Administrative Hearings.

Gregory M. Munson and Terry Cole of Gunster, Yoakley & Stewart, P.A., Tallahassee, for Appellant.

Robert A. Williams, Chief Deputy General Counsel, and Francine M. Ffolkes, Deputy General Counsel, Florida Department of Environmental Protection, Tallahassee, for Appellees.

WETHERELL, J.

In this administrative appeal, the Florida Pulp and Paper Association Environmental Affairs, Inc. (Association) seeks review of the order dismissing its rule challenge petition as untimely. We reverse for the reasons that follow.

**Factual and Procedural Background**

On June 30, 2016, the Department of Environmental Protection published in the Florida Administrative Register (FAR) notice of its intent to amend rules 62-302.400 and 62-302.530, Florida Administrative Code. On July 26, a public hearing on the proposed rule amendments was held by the Environmental Regulation Commission.[1] The Commission approved the amendments to rule 62-302.530 as proposed and approved the proposed amendments to rule 62-302.400 with several changes.

On August 4, 2016, the Department published in the FAR a Notice of Change for rule 62-302.400 and a Notice of Correction for rule 62-302.530. Among other things, the Notice of Correction stated: "The [D]epartment has revised the SERC[2] to reflect that a lower cost regulatory alternative (LCRA) . . . was received on July

---

[1] The Commission is part of the Department and exercises the Department's "standard-setting authority" under chapter 403 and parts of chapter 373, Florida Statutes. See §§ 20.255(6), 403.804(1), Fla Stat.
[2] Statement of estimated regulatory costs. See § 120.541, Fla. Stat.

21, 2016, but was immediately withdrawn.  A copy of the <u>revised SERC</u> . . . is available for public viewing at [the Department's website]." (emphasis added).

On August 23, 2016, the Association filed with the Division of Administrative Hearings (DOAH) a petition alleging that the proposed amendments to rule 62-302.530 were invalid exercises of delegated legislative authority under section 120.52(8)(a), (d), and (e), Florida Statutes.[3]  The petition alleged that it was timely under section 120.56(2)(a) because it was filed "within 20 days of the Notice of Change, and within 20 days after a revised [SERC]."

The Department filed a motion to dismiss the Association's petition.  The motion argued that no changes were made to the proposed amendments to rule 62-302.530 after publication of the rulemaking notice on June 30, and that the Association "cannot use a Notice of Change to Rule 62-302.400, F.A.C., which it has not challenged, to bootstrap its way into challenging proposed amendments to Rule 62-302.530, F.A.C."  The motion also argued that the revised SERC did not provide a point of entry to challenge the proposed amendments to rule 62-302.530 because "[t]he revised SERC merely acknowledges a withdrawn LCRA and is the

---

[3]  Separate petitions challenging the proposed amendments to rule 62-302.530 were filed by the Seminole Tribe of Florida (on August 8), the City of Miami (on August 19), and Martin County (on August 25).  All of the petitions were consolidated into a single proceeding at DOAH.

functional equivalent of not receiving any good faith written proposals for a [LCRA] to the proposed rule."

After a hearing at which the parties were afforded an opportunity to present oral argument on their respective positions, the administrative law judge (ALJ) entered an order granting the Department's motion and dismissing the Association's petition.[4] The ALJ concluded that the notices published in the FAR on August 4 did not provide a new point of entry for the Association to challenge the proposed amendments to rule 62-302.530 because that rule was not changed in any way by the notices. The ALJ further concluded that the revised SERC was "misidentified by [the Department] as such" and that it did not create a new point of entry for the Association to challenge the proposed amendments to rule 62-302.530 because the Association was not substantially affected by the revision to the SERC.

The Association appealed the dismissal order to this Court.[5]

**Analysis**

We review the dismissal order under the *de novo* standard of review because the determination of whether the Association's petition was timely filed is a question of law. See <u>Madison Highlands, LLC v. Fla. Hous. Fin. Corp.</u>, 42 Fla. L. Weekly

---

[4] The order also dismissed the petitions filed by the Seminole Tribe, the City of Miami, and Martin County.

[5] The City of Miami and the Seminole Tribe appealed the dismissal order to the Third District Court of Appeal. Those appeals, Case Nos. 3D16-2129 and 3D16-2440, are still pending as of the date of this opinion.

D482 (Fla. 5th DCA Feb. 24, 2017) (citing Parlato v. Secret Oaks Owners Ass'n,

793 So. 2d 1158, 1162 (Fla. 1st DCA 2001)); Brown v. Comm'n on Ethics, 969 So.

2d 553, 556 (Fla. 1st DCA 2007); § 120.68(7)(d), Fla. Stat.

A petition challenging the invalidity of a proposed rule must be filed at DOAH

within:

> [1] 21 days after the date of publication of the notice required by s. 120.54(3)(a);
>
> [2] 10 days after the final public hearing is held on the proposed rule as provided by s. 120.54(3)(e)2.;
>
> [3] 20 days after the [SERC] or revised [SERC], if applicable, has been prepared and made available as provided in s. 120.541(1)(d); or
>
> [4] 20 days after the date of publication of the notice required by s. 120.54(3)(d).

§ 120.56(2)(a), Fla. Stat. (emphasis added). These time periods are

jurisdictional. See Dep't of Health & Rehab. Servs. v. Alice P., 367 So. 2d 1045,

1053 (Fla. 1st DCA 1979). Accordingly, an untimely petition must be dismissed. Id.

Here, it is undisputed that the Association's rule challenge petition was not

timely filed after the first or second points of entry in section 120.56(2)(a). It is also

undisputed that the petition was filed within 20 days after the notices published in

the FAR on August 4, 2016. Accordingly, the dispute in this case boils down to

whether those notices triggered the third or fourth points of entry.

The Association contends that the third point of entry was triggered by the

5

revised SERC referred to in the Notice of Correction.  We agree.  Accordingly, we need not address whether the fourth point of entry was also triggered by the Notice of Correction and/or the Notice of Change.

The third point of entry is triggered when a revised SERC is "prepared and made available as provided in s. 120.541(1)(d)."  Section 120.541(1)(d) provides that "an agency that is required to revise a [SERC] . . . shall provide notice on the agency's website that it is available to the public."  One circumstance in which the agency is required to revise a SERC is when a LCRA is submitted.  § 120.541(1)(a), Fla. Stat. ("Upon the submission of the [LCRA], the agency . . . shall revise its prior [SERC] . . . .") (emphasis added).

Here, although a LCRA was timely submitted, the Department argues that it was not required to prepare a revised SERC because the LCRA was "immediately withdrawn."  The Association responds that upon receipt of the LCRA, the Department had an obligation to revise the SERC to address the LCRA irrespective of the fact that the LCRA was subsequently withdrawn.  We need not resolve this dispute because, whether it was required to or not, the Department did prepare a revised SERC and did make it available to the public on its website in accordance with section 120.541(1)(d).  By doing so, the Department triggered the third point of entry in section 120.56(2)(a).

The Department argues that the revised SERC did not trigger a new point of

6

entry because, as the ALJ stated in the dismissal order, "the 'revision' contemplated by section 120.541 is a revision to the estimated costs, not a change in the narrative accompanying the estimated costs that has no effect on the costs." We reject this argument because it is inconsistent with section 120.541(1)(a), which specifically contemplates that the revision to a SERC could simply be a "statement of the [agency's] reasons for rejecting the [LCRA] in favor of the proposed rule."

We also reject the Department's argument—which the ALJ adopted in the dismissal order—that the Association could not take advantage of this point of entry because it is not substantially affected by the revised SERC. This argument erroneously conflates the issues of standing and timeliness.

A person's standing to challenge a proposed rule depends on whether the person is substantially affected by the proposed rule. See § 120.56(1)(a) ("Any person substantially affected by . . . a proposed rule may seek an administrative determination of the invalidity of the rule . . . ."), (1)(b)2. ("The petition challenging the validity of a proposed rule . . . must state . . . [f]acts sufficient to show that the petitioner . . . would be substantially affected by the proposed rule"), Fla. Stat.; but cf. § 120.541(1)(g) (stating that a rule cannot be invalidated based on the agency's wrongful rejection of a LCRA unless it is raised by a person whose "substantial interests . . . are materially affected by the rejection") (emphasis added). Had the Legislature intended that there be a different standing requirement when a

rule challenge petition is filed after the point of entry created by the preparation of a revised SERC, it would have said so. Likewise, had the Legislature intended to limit the grounds upon which a person could challenge a proposed rule based on the point of entry after which the petition was filed, it would have said so. Cf. § 120.56(2)(a), Fla. Stat. ("A person who is not substantially affected by the proposed rule as initially noticed, but who is substantially affected by the rule as a result of a change, may challenge any provision of the resulting proposed rule.").

Finally, we reject the Department's argument—which the ALJ adopted in the dismissal order—that it is inequitable to allow the Association to take advantage of the point of entry that was "serendipitously" created by the preparation of the revised SERC because there was no reason that the Association could not have filed a rule challenge petition after one of the first two points of entry. This argument ignores the fact that the points of entry listed in section 120.56(2)(a) are separated by the disjunctive conjunction "or," which indicates that they are mutually exclusive alternatives. See Sparkman v. McClure, 498 So. 2d 892, 895 (Fla. 1986) ("[T]he word 'or' is generally construed in the disjunctive when used in a statute or rule. The use of this particular disjunctive word in a statute or rule normally indicates that alternatives were intended.") (citations omitted). Accordingly, a person who is substantially affected by a proposed rule who fails to take advantage of the first available point of entry is not necessarily precluded from taking advantage of one of

8

the later points of entry.[6]

## Conclusion

For the reasons stated above, we reverse the order dismissing the Association's rule challenge petition as untimely and remand for consideration of the petition on its merits.

REVERSED and REMANDED for further proceedings.

OSTERHAUS and M.K. THOMAS, JJ., CONCUR.

---

[6] That said, we agree with the ALJ's comment in the dismissal order that a prudent person will file a rule challenge petition at the first available opportunity.