# Third District Court of Appeal

## State of Florida

Opinion filed October 18, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

Nos. 3D16-2440 & 3D16-2129
Consolidated Lower Tribunal Nos. 16-4431RP, 16-4836RP, 16-4875RP, & 16-4912RP

_____

**The Seminole Tribe of Florida and City of Miami,**
Appellants,

vs.

**Department of Environmental Protection and Florida Environmental Regulation Commission,**
Appellees.

Appeals from an order of the Division of Administrative Hearings.

Lewis Longman & Walker P.A., and Amy Taylor Petrick, Andrew J. Baumann, Rachael B. Santana, and Christopher D. Johns (West Palm Beach), for appellant The Seminole Tribe of Florida; Victoria Méndez, City Attorney, and Kerri L. McNulty, Assistant City Attorney, for appellant City of Miami.

Robert A. Williams, Chief Deputy General Counsel, and Francine M. Ffolkes, Deputy General Counsel, Florida Department of Environmental Protection (Tallahassee), for appellees.

Before ROTHENBERG, C.J., and SALTER and LUCK, JJ.

PER CURIAM.

In these consolidated appeals, The Seminole Tribe of Florida ("the Seminole Tribe") and the City of Miami ("the City") appeal from a corrected order entered by the Division of Administrative Hearings dismissing their petitions for administrative determination of invalidity of proposed rule revisions ("rule challenge petitions") as untimely filed pursuant to section 120.56(2)(a), Florida Statutes (2016).  We reverse the corrected order dismissing the Seminole Tribe's and the City's rule challenge petitions as untimely and remand for further proceedings.

The consolidated order on appeal dismissed the rule challenge petitions filed by four petitioners, the Seminole Tribe, the City,  Florida Pulp and Paper Association Environmental Affairs, Inc. ("Florida Pulp and Paper"), and Martin County, based on the administrative law judge's determination that each petition was untimely filed pursuant to section 120.56(2)(a).[1]  Following the entry of the corrected order of dismissal, the Seminole Tribe and the City filed their appeals, which appeals were consolidated by this Court, and Florida Pulp and Paper appealed to the First District Court of Appeal.[2]

In the appeal before the First District Court of Appeal and in the

---

[1] The rule challenge petitions were filed on the following dates:  August 8, 2016 by the Seminole Tribe; August 19, 2016 by the City; August 23, 2016 by Florida Pulp and Paper; and August 25, 2016 by Martin County.
[2] Martin County did not file an appeal.

2

consolidated appeals before this Court, it was argued that the rule challenge petitions were timely because they were filed, as required by section 120.56(2)(a), "within 20 days after the . . . revised statement of estimated regulatory costs, if applicable, has been prepared and made available as provided in s. 120.541(1)(d)." Prior to this Court's oral argument, the First District issued an opinion reversing the corrected order of dismissal as to Florida Pulp and Paper and remanded for further proceedings. Fla. Pulp & Paper Ass'n Envtl. Affairs, Inc. v. Dep't of Envtl. Prot., 223 So. 3d 417 (Fla. lst DCA 2017).[3] We agree with and adopt our sister court's well-reasoned opinion, which is applicable to the consolidated appeals before this Court, and therefore, we reverse the corrected order of dismissal as to the Seminole Tribe and the City and remand for further proceedings.[4]

Reversed and remanded.

---

[3] The factual and procedural background and the analysis are set forth in the First District's opinion.

[4] As in the appeal before the First District, the Seminole Tribe and the City also asserted that their rule challenge petitions were timely filed pursuant to a separate "point of entry" set forth in section 120.56(2)(a), which allows for a petition to be filed "within 20 days after the date of publication of the notice required by s. 120.54(3)(d)." Because we have determined that the Seminole Tribe's and the City's rule challenge petitions were timely filed based on the point of entry relating to the revised statement of estimated regulatory costs, we need not and decline to address this additional argument raised on appeal.